IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**E O D DEC 1 1 2002**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UAL CORPORATION, et al., | ) Case No. 02-B-48191 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Honorable Eugene R. Wedoff |

## ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTORS TO ASSUME EXECUTORY CONTRACTS RELATING TO INTERLINE AGREEMENTS, CLEARINGHOUSE AGREEMENTS, THE ARC AGREEMENTS, THE BSP AGREEMENTS, THE CARGO AGREEMENTS, THE UATP AGREEMENT AND THE ALLIANCE AGREEMENTS AND (B) AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO HONOR PREPETITION OBLIGATIONS RELATED TO CODE SHARE AGREEMENTS, THE EXPRESS CARRIER AGREEMENTS, GLOBAL DISTRIBUTION SYSTEMS AGREEMENTS, NETWORK AGREEMENTS, TRAVEL AGENCY AGREEMENTS, BOOKING AND ONLINE FULFILLMENT AGREEMENTS, CARGO AGENCY AGREEMENTS, MILEAGE PLUS AGREEMENTS, IN-TO PLANE SERVICE COMPANY CLAIMS, THE ATPCO AGREEMENT, THE DEEDS OF UNDERTAKING AND THE SAFI ARRANGEMENT IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[1] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 Cases for entry of an order pursuant to Section 365(a) of the Bankruptcy Code (a) authorizing the Debtors to assume executory contracts relating to the Interline Agreements, Clearinghouse Agreements, the ARC Agreements, the BSPs, the Cargo Agreements, the UATP Agreement and the Alliance Agreements, (b) authorizing, but not requiring, the Debtors to honor prepetition obligations related to the Code Share Agreements, the Express Carrier Agreements, the GD Systems Agreements, the Network Agreements, the Travel Agency Agreements, the Booking and Online Fulfillment Agreements, the Cargo Agency Agreements, the Mileage Plus Agreements, the In-to Plane Service Company claims, the ATPCO Agreement, the Deeds of Undertaking and the SAFI Arrangement in the

---

[1] Capitalized terms used but not defined herein have the same meaning as in the Motion.

ordinary course of business, and (c) modifying the automatic stay of Section 362(a) of the Bankruptcy Code to the extent (but only to the extent) necessary to enable the counterparties to the Interline Agreements, the Clearinghouse Agreements, the UATP Agreement, the ARC Agreements, the BSPs and the CNS and CASS agreements to participate in routine billings and settlements in accordance with the terms of those agreements; it appearing that the relief requested is essential to the continued operation of the Debtors' businesses and in the best interests of the Debtors' estates and creditors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and no previous application having been made; and upon consideration of the Motion; and due and proper notice of the Motion having been given; and it appearing that assumption of the Assumed Contracts and payment of the Prepetition Obligations are in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted.

2. The Assumed Contracts are assumed by the Debtors effective as of the date of this Order.

3. The Debtors shall cure any defaults under Assumed Contracts, and shall pay any other amounts necessary to assume the Assumed Contracts in the ordinary course of business.

4. The Debtors have provided adequate assurance of future performance under the Assumed Contracts as required under Section 365(b) of the Bankruptcy Code, without requiring any further action.

5. Pursuant to Section 363 of the Bankruptcy Code, the Debtors shall honor, perform and exercise their rights and obligations under the Code Share Agreements, the Express

Carrier Agreements, the GD Systems Agreements, the Network Agreements, the Travel Agency Agreements, the Booking and Online Fulfillment Agreements, the Cargo Agency Agreements, the Mileage Plus Agreements, the In-to Plane Service Company claims, the ATPCO agreement, the Deeds of Undertaking and the SAFI Arrangement.

6. The automatic stay of Section 362(a) of the Bankruptcy Code is hereby modified to the extent (but only to the extent) necessary to enable the counterparties to the Interline Agreements, the Clearinghouse Agreements, the UATP Agreement, the ARC Agreements, the BSPs and the CNS and CASS agreements to participate in routine billings and settlements in accordance with the terms of those agreements.

7. In accordance with this Order and any other order of this Court, each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the claims that the Debtors request authority to pay in the Motion, is authorized and directed to honor checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: Chicago, Illinois
_____, 2002

United States Bankruptcy Judge

10 DEC 2002

3

I:\Project A\FIRST DAY PLEADINGS\ILLINOIS FIRST DAY PLEADINGS\Clearinghouse\Order3000.doc

10 DEC 2002