EOD APR 16 2003

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UAL CORPORATION, et al., | ) Case No. 02-B-48191 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Honorable Eugene R. Wedoff |

## ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) APPROVING THE EMPLOYMENT AND RETENTION OF BAIN & COMPANY, INC. AS STRATEGIC CONSULTANTS FOR THE DEBTORS AND NEGOTIATING AGENTS FOR THE DEBTORS IN CONNECTION WITH THEIR EXPRESS CARRIER AGREEMENTS

Upon the application (the "Application") of the above-captioned debtors and debtors-in-possession (the "Debtors") for an Order authorizing and approving the Debtors' retention of Bain & Company, Inc. ("Bain") as their strategic consultants and as negotiating agent of the Debtors in connection with their express carrier agreements; and it appearing from the Application and *Affidavit of Alistair Corbett in Support of the Application for Entry of an Order Pursuant to 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Employment and Retention of Bain & Company, Inc. as Strategic Consultants for the Debtors and Debtors-in-Possession* in support hereof (the "Corbett Affidavit"), that Bain is a disinterested person within the meaning of sections 101(14) and 101(31) of 11 U. S. C. §§ 101, et seq. (the "Bankruptcy Code") and represents no interest adverse to the Debtors, their estates, or its creditors in the matters upon which it is to be engaged and is otherwise in compliance with Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and that its employment is necessary and in the best interests of Debtors' estates; and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

C:\DOCUME~1\gvogt.KF\LOCALS~1\Temp\C.Notes.Data\Bain-Order-90.DOC

1. The Application is granted as modified by this Order;

EOD APR 16 2003

2. That Bain shall be employed in accordance with the terms of and for the purposes set forth in the Application to perform the strategic consulting and negotiating services required by the Debtors, and that Bain shall not perform any services or charge any fees in addition to those set forth in the Application and the Consulting Services Agreement, dated February 1, 2003, between United Air Lines, Inc. and Bain & Company, Inc., attached hereto as Exhibit A (the "Consulting and Negotiating Agreement") without the prior approval of this Court;

3. That the terms of the Consulting and Negotiating Agreement are hereby approved;

4. That all compensation, including any expenses to be paid to Bain for professional services rendered and disbursements incurred on behalf of the Debtors shall be fixed by the Court upon appropriate application, subject to objection by any party in interest, and therefore in accordance with the rulings of this Court at the April 16, 2003 hearing with respect to the Application, Sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, Local Rules of Bankruptcy Procedure and any other procedures fixed by this Court as may then be applicable;

5. In addition, Bain shall be entitled to reimbursement of the reasonable fees and expenses of its outside counsel for services in connection with the preparation, negotiation and the entry of this Order relating to the Consulting and Negotiating Agreement, the Bain Affidavit and supplemental declarations and this Application, up to a cap of $75,000 in the aggregate.;

6. That all compensation, including expenses, to be paid to Bain under the Consulting and Negotiating Agreement shall be subject to approval of this Court under the "reasonableness" standard set forth in the following paragraph, upon the filing of monthly fee applications with this Court as set forth in the Application, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any applicable Order of this Court; and

7. That the "reasonableness" of any amounts payable by the Debtors to Bain under the Agreement shall be subject to review by this Court under the standards permitted by Section 330(a) of the Bankruptcy Code or any successor provision, and shall be subject to objections by any party in interest.

8. Notwithstanding anything in the Consulting and Negotiating Agreement to the contrary, each Indemnified Person (as defined in the Consulting and Negotiating Agreement) shall be entitled to indemnification pursuant to Section 9 of the Consulting and Negotiating Agreement for losses, claims, damages, liabilities or expenses incurred by such Indemnified Person, only if directors of the Debtors may be indemnified under the laws of the State of Delaware for losses, claims, damages, liabilities or expenses found by a court of competent jurisdiction to have resulted primarily from any action in which such director acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation.

Dated: April ___, 2003

THE HONORABLE EUGENE R. WEDOFF
United States Bankruptcy Court Judge

**16 APR 2003**