THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: January 21, 2005 at 9:30 a.m. |
| | | Objection Deadline: January 14, 2005 |

### NOTICE OF APPLICATION

TO:  SEE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on the 21st day of January, 2005, the Debtors shall appear before the Honorable Bankruptcy Judge Eugene R. Wedoff in the room usually occupied by him at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn St., Chicago, Illinois 60604, and present the attached **Application Pursuant to Federal Rule of Bankruptcy Procedure 2014(a) for an Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for the Limited Purpose of Pursuing Avoidance Actions on Behalf of the Debtors and Debtors In Possession *Nunc Pro Tunc* To December 1, 2004**, a copy of which is attached hereto and herewith served upon you.

**PLEASE TAKE FURTHER NOTICE** that you may obtain further information concerning these Chapter 11 cases:

> At the United States Bankruptcy Court, Northern District of Illinois at either wwww.ilnb.uscourts.gov (home page); or

> At the Debtors' private website at www.pd-ual.com.

Dated: Chicago, Illinois
December 13, 2004

_____
James H.M. Sprayregen, P.C. (ARDC No. 6190206)
Marc Kieselstein, Esq. (ARDC No. 6199255)
David R. Seligman, Esq. (ARDC No. 6238064)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UAL CORPORATION, et al., | ) Case No. 02-B-48191 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Honorable Eugene R. Wedoff |
| | ) |
| | ) Objection Deadline: January 14, 2005 |
| | ) Hearing Date: January 21, 2005 at 9:30 a.m. |

**APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR AN ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR THE LIMITED PURPOSE OF PURSUING AVOIDANCE ACTIONS ON BEHALF OF THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO DECEMBER 1, 2004**

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this Application Pursuant to Federal Rule of Bankruptcy Procedure 2014(a) for an Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for the Limited Purpose of Pursuing Avoidance Actions on Behalf of the Debtors and Debtors in Possession *nunc pro tunc* to December 1, 2004 (the "Application"). In support of this Application, the Debtors rely on the Affidavit of Laura Davis Jones (the "Jones Affidavit") attached hereto as Exhibit A, and respectfully represent as follows.

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

K&E 10046220.4

2. Venue of this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is § 327(a) of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

## Background

4. On December 9, 2002 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. On December 13, 2002 the United States Trustee appointed an Official Committee of Unsecured Creditors.

5. The Debtors currently operate the world's second largest airline and provide air transportation, cargo and other transportation-related services to millions of customers each year. The Debtors consist of UAL Corporation ("UAL"), a Delaware corporation with its principal place of business in Elk Grove, Illinois and twenty-seven wholly owned, direct or indirect subsidiaries (collectively with UAL, "United"). UAL's principal subsidiary, United Airlines, Inc. operates United's airline and relates businesses and UAL's other Debtor subsidiaries hold assets or perform activities related to the airline.

## Relief Requested

6. The Debtors have decided to commence litigation to recover payments (the "Transfers") made to their creditors within ninety days of the Petition Date. The Transfers

are potentially preferential transfers recoverable pursuant to Sections 547 and 550 of the Bankruptcy Code. The statutory deadline for commencing these actions is December 8, 2004.

7. Pursuant to this Courts' Order dated December 30, 2002 [Docket No. 648], the Debtors retained the firm of Kirkland & Ellis, LLP ("K&E") to serve as its general bankruptcy counsel.

8. K&E and certain other law firms retained by the Debtors have certain conflicts of interest that prevent them from representing the Debtors in a limited number of actions to recover Transfers.

9. By this Application, the Debtors seek to employ and retain the firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. *nunc pro tunc*[1] to December 1, 2004 ("PSZYJ&W") as bankruptcy litigation counsel with regard to the filing and prosecution of a limited number of avoidance actions in the Chapter 11 Cases where K&E and other UAL counsel are precluded from representing the Debtors due to conflicts of interest (the "Litigation Matters"). Accordingly, the Debtors respectfully request the entry of an order pursuant to Section 327(a) of the Bankruptcy Code authorizing them to employ and retain PSZYJ&W as their bankruptcy litigation counsel for the limited purpose of prosecuting the Litigation Matters in the Chapter 11 Cases.

10. The Debtors seek to retain PSZYJ&W as their bankruptcy litigation counsel because of PSZYJ&W's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code

---

[1] PSZYJ&W commenced work immediately upon the Debtors' request due to the pending statutory deadline. The Debtors have filed this application at the earliest opportunity and request *nunc pro tunc* relief in light of the circumstances. The Debtors assert that such relief will not prejudice any party.

3

K&E 10046220.4

generally and, more specifically, because of PSZYJ&W's expertise in handling matters similar to the Litigation Matters contemplated in this engagement. PSZYJ&W represents debtors throughout the country in matters seeking substantially the same relief as that proposed in the Litigation Matters. In preparing for its representation of the Debtors in the Chapter 11 Cases, PSZYJ&W has become familiar with the potential Litigation Matters.

11. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to PSZYJ&W on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZYJ&W. The principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Laura Davis Jones | $595.00 per hour |
| b. | Andrew W. Caine | $475.00 per hour |
| c. | Steven J. Kahn | $430.00 per hour |
| d. | Sandra McLamb | $255.00 per hour |
| e. | Marlene Chappe | $135.00 per hour |

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may serve the Debtors from time to time in connection with the matters herein described.

13. The hourly rates set forth above are PSZYJ&W's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZYJ&W for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZYJ&W's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things,

4

K&E 10046220.4

telecopier transmission and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZYJ&W to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZYJ&W will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZYJ&W's other clients. PSZYJ&W believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14. The professional services that PSZYJ&W will render to the Debtors include, but shall not be limited to, the following:

    a. to provide legal advice with respect to the Litigation Matters;

    b. to prepare the necessary pleadings to commence and prosecute the Litigation Matters on behalf of the Debtors;

    c. to appear in Court to prosecute the Litigation Matters and otherwise protect the interests of the Debtors before the Court with respect to the Litigation Matters; and

    d. to perform all other legal services for the Debtors that may be necessary and proper with respect to the Litigation Matters.

15. To the best of the Debtors' knowledge, and except as disclosed in the Jones Affidavit, PSZYJ&W has no connection with the United States Trustee in the Chapter 11

5

K&E 10046770.4

Cases and has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or its respective attorneys, in any matter relating to the Debtors or their estate.

16. To the best of the Debtors' knowledge and except as otherwise disclosed in the Jones Affidavit, PSZYJ&W does not hold or represent any interest adverse to the Debtors' estates, PSZYJ&W is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, and PSZYJ&W's employment is necessary and in the best interests of the Debtors and their estates.

## Notice

17. Notice of this Application has been given to the Core Group and the 2002 List (as such terms are defined in the Third Amended Notice, Case Management and Administrative Procedures approved in the Chapter 11 Cases). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of an order substantially in the form attached hereto, authorizing the Debtors to employ and retain PSZYJ&W for the limited purpose of pursuing the Litigation Matters and granting such other and further relief as is just and proper.

Dated: December 13, 2004
Chicago, Illinois

Respectfully submitted,

/s/ Marc J. Carmel

James H.M. Sprayregen, P.C. (ARDC No. 6190206)
Marc Kieselstein, Esq. (ARDC No. 6199255)
David R. Seligman, Esq. (ARDC No. 6238064)
Marc J. Carmel, Esq. (ARDC No. 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Counsel for the Debtors and Debtors in Possession

# Exhibit A

# Jones Affidavit

K&E 10046220.4