# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,** | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Honorable Eugene R. Wedoff** |

## ORDER (A) APPROVING DISCLOSURE STATEMENT, AND (B) APPROVING THE SOLICITATION PROCEDURES AND FORM OF SOLICITATION DOCUMENTS AND NOTICES

Upon the Debtors' Motion[1] in the above-captioned Chapter 11 Cases seeking entry of an order (a) approving the Debtors' Disclosure Statement, and (b) approving the Solicitation Procedures for Debtors' Plan and the form of the Solicitation Documents and the notices to be distributed with respect thereto; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate, and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that:

1. The Motion is granted.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion and/or the Solicitation Procedures, as applicable.

2.    The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and Local Rule 3016-1 and is hereby approved as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

3.    The Debtors have provided adequate notice of the Disclosure Statement Hearing in accordance with Bankruptcy Rules 2002 and 3017.

4.    The Solicitation Procedures attached hereto as <u>Exhibit 1</u>, and incorporated by reference herein, are hereby approved, <u>provided</u> <u>however</u>, the Debtors reserve, subject to Court approval, the right to amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

5.    Poorman-Douglas Corporation, as Debtors' Solicitation Agent, is authorized and directed, in conjunction with the Debtors, to assist the Debtors in (i) distributing Solicitation Documents, (ii) receiving and tabulating the Ballots cast for or against the Plan by holders of claims and interests against the Debtors and filing the Voting Report with respect to such Ballots pursuant to the attached Solicitation Procedures, (iii) retaining the original ballots for a period of one (1) year after the Effective Date of the Plan, unless otherwise ordered by this Court, (iv) responding to inquiries from creditors, equity holders, and other parties in interest regarding the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (v) soliciting votes on the Plan, and (vi) if necessary, contacting creditors and equity holders regarding the Plan.

6.    The procedures for distribution of the Solicitation Documents set forth in the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules.

7.    Nominees are directed to distribute the Solicitation Documents to the applicable Beneficial Holders, to tabulate votes on behalf of such Beneficial Holders in

accordance with the Solicitation Procedures and return Master Ballots to the Solicitation Agent by the Voting Deadline, and maintain the original Beneficial Holder Ballots for a period of one (1) year from the Effective Date of the Plan.

8.    The Debtors are authorized to reimburse the Nominees for reasonable, actual, and necessary administrative expenses incurred in connection with distribution of the Solicitation Documents to the Beneficial Holders in accordance with the Solicitation Procedures.

9.    With respect to claims in Classes 1E-1, 2E-1, 3E-1, 1E-2, 2E-2, 3E-2, and 2E-5 relating to aircraft related debt transactions, the Aircraft Trustees are authorized to comply with the Solicitation Procedures, including but not limited to, those set forth in Paragraphs C.2 and D.2 thereof, and the Aircraft Trustees further are authorized to vote on the Plan consistent with the provisions of the underlying aircraft transactions, including the subordination provisions thereof, and such vote by the respective Aircraft Trustees will satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules for the voting of Claims in Classes 1E-1, 2E-1, 3E-1, 1E-2, 2E-2, 3E-2, and 2E-5.

10.    As set forth in detail in Paragraphs C.2 and D.2 of the Solicitation Procedures, in connection with the solicitation of votes relating to the Claims in Class 2E-5 (Unsecured Public Debt Aircraft Claims), the Debtors are hereby authorized to deliver, a Certificateholder Ballot (to be in a form agreed to by the Public Debt Aircraft Trustees) to those beneficial holders of certificates in the tranches of certificates, entitled, in accordance with the underlying aircraft documents, by the requisite vote of such certificates, to direct and instruct the relevant Public Debt Aircraft Trustees on how to vote the Ballots in connection with the Unsecured Public Debt Aircraft Claims. The Public Debt Aircraft Trustees shall provide the Debtors with the CUSIP numbers for those certificates in the debt tranches entitled to direct the Public Debt Aircraft

Trustees (in connection with the Plan) and the Debtors may rely on such information exclusively in sending materials to such Public Debt Aircraft Certificateholders. The Debtors are not required to solicit acceptances or rejections of the Plan from holders of certificates in the non-controlling tranches of the enhanced equipment trust certificates, but agree, upon request of the Public Debt Aircraft Trustees, to deliver to such holders a copy of this Solicitation Procedures Order, and the Solicitation Notice, which contains, among other things, a notification of the deadline for filing an objection to the Plan and the date set for hearing on confirmation of the Plan. The Public Debt Aircraft Trustees shall be, and they hereby are, authorized to determine whether a binding instruction has been given by the Public Debt Aircraft Certificateholders pursuant to the provisions set forth in the respective underlying aircraft transaction documents, and if so, the Public Debt Aircraft Trustees shall be, and hereby are, authorized to cast a Ballot, either accepting or rejecting the Plan, or accepting or opting out of the releases contained therein if no vote is cast on the Plan, on each aircraft transaction in Class 2E-5 under the Plan, and sending such Ballot to the Solicitation Agent by the Voting Deadline.

11.    In connection with the solicitation of votes relating to the claims in Classes 1E-1, 2E-1, 3E-1 (Unsecured Retained Aircraft Classes), and 1E-2, 2E-2, 3E-2 (Unsecured Rejected Aircraft Classes), each Private Debt Aircraft Trustee, shall be, and they hereby are, authorized to transmit to each Private Debt Aircraft Certificateholder of record as determined by the registers for the private debt aircraft financings, as of the Record Date, any of the Debtors' Solicitation Documents identified in C.2 of the Solicitation Procedures for each such transaction and are hereby further authorized to determine, on a transaction by transaction basis, pursuant to the provisions of the respective underlying transaction documents, whether the requisite holders have given a binding instruction to accept or reject the Plan or to accept or opt out of the releases

4

contained therein if no vote is cast on the Plan, and if so, such Private Debt Aircraft Trustees shall be, and hereby are, authorized to cast a vote either accepting or rejecting the Plan or accepting or opting out of the releases contained therein if no vote is cast on the Plan with respect to each such transaction.

12.    The Debtors agree to provide the Private Debt Aircraft Trustees, upon their request, with sufficient copies of the Solicitation Documents for delivery by the Private Debt Aircraft Trustees to the Private Debt Aircraft Certificateholders of record as of the Record Date.

13.    The forms of Ballots, substantially in the forms attached hereto as Exhibits 2 through 6, are hereby approved.

14.    The forms of the Master Ballots, substantially in the forms attached hereto as Exhibits 7 and 8, are hereby approved.

15.    The forms of the voting instructions, substantially in the forms attached to the Ballots and Master Ballots on Exhibits 2 through 8 attached hereto, are hereby approved.

16.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot or Master Ballot.

17.    In accordance with the Solicitation Procedures relating to the Chicago Municipal Bonds in Class 2E-4, the Nominees effecting the Option B election on behalf of Beneficial Holders of the applicable Chicago Municipal Bonds may, notwithstanding any contrary direction contained in the Chicago Municipal Bond Settlement Agreement, transfer funds by wire transfer to an account established for the Debtors as set forth on the Master Ballots attached hereto as Exhibit 8.

18.    All Ballots and Master Ballots must be properly executed, completed and delivered by (a) first class mail, in the return envelope provided with each Ballot and Master Ballot; (b) overnight courier; or (c) personal delivery, so that the Ballots and Master Ballots are actually received, in any case, by the Solicitation Agent, no later than the Voting Deadline at the following addresses:

| UAL Balloting, P.O. Box 4349, Portland, Oregon 97208-4349 | If by first class mail |
| Attention: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 | If by overnight courier or personal delivery |

19.    The form of the Plan Summary, substantially in the form attached hereto as Exhibit 9, is hereby approved, provided, however, the Debtors reserve the right to amend or modify the Plan Summary, as necessary, to track and incorporate any material changes made to the Plan prior to the distribution of the Solicitation Documents pursuant to the Solicitation Procedures.

20.    Pursuant to Bankruptcy Rule 3014:

a.    The time within which HSBC Bank USA, N.A., as paying agent for the municipal bonds at issue in the Denver Municipal Bond Adversary Proceeding may make an election under Section 1111(b) of the Bankruptcy Code is hereby extended until 30 days after the date a Final Order, if any, is entered in favor of United in the Denver Municipal Bond Adversary Proceeding; provided, however, that in the event such a Final Order is entered, no interim distribution under the Plan shall be made on account of the bonds until (a) the election has been waived or (b) the time for making such an election has passed.

6

K&E 10220061.15

b.   The time within which HSBC Bank USA, N.A., as indenture trustee for the municipal bonds at issue in the SFO Municipal Bond Adversary Proceedings, may make an election under Section 1111(b) of the Bankruptcy Code is hereby extended until the later of 30 days after (i) entry of an order by the Bankruptcy Court determining the amount (if any) of the secured claim related to such bonds and (ii) the date that the Debtors inform HSBC Bank USA, N.A. of the proposed treatment of such secured claim under the Plan; provided, however, that no interim distribution under the Plan shall be made on account of the bonds until (a) the election has been waived or (b) the time for making such an election has passed.

c.   The time within which U.S. Bank National Association, as indenture trustee for the municipal bonds at issue in the LAX Municipal Bond Adversary Proceedings, may make an election under Section 1111(b) of the Bankruptcy Code is hereby extended until the later of 30 days after (i) entry of an order by the Bankruptcy Court determining the amount (if any) of the secured claim related to such bonds and (ii) the date that the Debtors inform U.S. Bank, N.A. of the proposed treatment of such secured claim under the Plan; provided, however, that no interim distribution under the Plan shall be made on account of the bonds until (a) the election has been waived or (b) the time for making such an election has passed.

21.   The form of the Solicitation Notice, substantially in the form attached hereto as Exhibit 10, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d), and is hereby approved.

22.   The Solicitation Notice provides creditors and parties in interest with sufficient notice regarding the injunction, exculpation, and third party release provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

23.   The forms of the Non-Voting Status Notices, substantially in the forms attached hereto as Exhibits 11 and 12, respectively, are hereby approved.

24.   The forms of the Notice to Parties to Retained Causes of Action and Notice to Counterparties to Executory Contracts and Unexpired Leases, substantially in the forms attached hereto as Exhibits 13 and 14, respectively, are hereby approved.

25.   The form of the Disputed Claim Notice, substantially in the form attached hereto as Exhibit 15, is hereby approved.

K&E 10220061.15

26.     The Debtors shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received any of such notices returned by the United States Postal Service marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address; and (b) the Debtors shall be excused from re-mailing such Solicitation Documents, or other notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Record Date.  If a creditor has changed its mailing address after the Petition Date, the burden shall be on the creditor or party in interest, not the Debtors, to advise the Solicitation Agent of the new address.

27.     The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

28.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

29.     Notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Chicago, Illinois
Dated: October 21, 2005

The Honorable Eugene R. Wedoff
United States Bankruptcy Judge

9

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date:  October 20, 2005 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Objection Deadline:  October 13, 2005 |

## SOLICITATION PROCEDURES

### A.   The Record Date

The Bankruptcy Court has approved **October 20, 2005** as the record date for purposes of determining which creditors and equity interest holders are entitled to vote on the Plan, <u>provided, however</u>, the record date for holders of Unsecured Chicago Municipal Bond Claims in Class 2E-4 under the Plan shall be January 7, 2005 pursuant to the Chicago Municipal Bond Settlement Agreement (each such date, as applicable, the "Record Date").[1]

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement, or Solicitation Procedures Motion, as applicable.

1

**B.     The Voting Deadline**

The Bankruptcy Court has approved **December 19, 2005 at 4:30 p.m. prevailing Pacific time** as the voting deadline (the "Voting Deadline").  To be counted as votes to accept or reject the Plan, all Ballots and Master Ballots must be properly executed, completed and delivered by (a) first class mail; (b) overnight courier; or (c) personal delivery, so that they are <u>actually received</u>, in any case, by the Debtors' solicitation agent, Poorman-Douglas Corporation (the "Solicitation Agent") at the following addresses, no later than the Voting Deadline:

| | |
|---|---|
| UAL Balloting, P.O. Box 4349, Portland, Oregon 97208-4349 | If by first class mail |
| Poorman-Douglas Corporation Attention:  UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 | If by overnight courier or personal delivery |

**C.     Form, Content and Manner of Notices**

1.     <u>The Solicitation Documents</u>:  The following materials shall constitute the solicitation documents (the "Solicitation Documents"):

    a.     the Solicitation Notice;

    b.     the appropriate Ballot(s) and/or Master Ballot(s) and applicable Voting Instructions;

    c.     a pre-addressed, postage pre-paid return envelope;[2]

    d.     the Plan Summary;

    e.     the Disclosure Statement, as approved by the Bankruptcy Court (with all exhibits thereto, including the Plan), the Plan Supplement, and any other supplements or amendments to these documents which may be filed with the Bankruptcy Court;[3]

---

[2]  A pre-addressed, postage pre-paid return envelope will be included with each Ballot and Master Ballot; <u>provided</u>, <u>however</u>, Beneficial Holders of Securities voting through a Nominee will be instructed by their respective Nominee on how to return their Beneficial Holder Ballot to their Nominee.

[3]  Exhibits A through E to the Disclosure Statement include respectively, the Plan, the Liquidation Analysis, the Valuation Analysis, the Financial Projections, and the Plan Supplement table of contents.  The Plan Supplement, which contains the exhibits to the Plan, will be filed separately by the Plan Supplement Filing Date.

K&E 10220016.26

f.     any supplemental solicitation materials the Debtors may file with the Bankruptcy Court or that the Bankruptcy Court orders to be made available; and

g.     the Solicitation Procedures Order (without exhibits except for Exhibit 1 (Solicitation Procedures)).

2. Distribution of Solicitation Documents:  The Debtors shall serve all of the Solicitation Documents (except the Plan Supplement) on the Core Group and all parties in interest on the 2002 List as of the Record Date pursuant to the Case Management Procedures approved in these Chapter 11 Cases. The Solicitation Notice will instruct the Core Group and 2002 List that the Plan Supplement can be obtained by accessing the Debtors' private website at http://www.pd-ual.com or by requesting a copy from the Debtors' Solicitation Agent, by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.

With respect to any of the following persons or entities, the Debtors will mail, or cause to be mailed, only: (i) the Solicitation Notice, (ii) the Plan Summary, (iii) the applicable Ballots, Master Ballots, and Voting Instructions, (iv) a CD-Rom containing the Disclosure Statement (and all exhibits thereto, including the Plan), the Solicitation Procedures Order, and certain other documents that are contained in the Plan Supplement (the "CD-Rom"), and (v) a pre-addressed, postage pre-paid return envelope.  The Solicitation Notice will additionally instruct the following parties that items (e) through (g) in C.1 above can be obtained by accessing the Debtors' private website at http://www.pd-ual.com or by requesting a copy from the Debtors' Solicitation Agent, by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527:

a.     all persons or entities, including Aircraft Trustees (as defined below), as applicable, who, on or before the Record Date, have timely filed a proof of claim or equity interest (or an untimely proof of claim which has been allowed as timely by the Court under applicable law on or before the Record Date) (i) that has not been expunged, disallowed, disqualified or suspended prior to the Record Date, and (ii) that is not the subject of a pending objection on the Record Date;

b.     all persons or entities, including Aircraft Trustees, as applicable, listed in the Debtors' Schedules filed with the Bankruptcy Court (as may have been amended, the "Schedules") as holding a noncontingent, liquidated, undisputed claim or equity interest as of the Record Date, except to the extent that such claim or equity interest was expunged, disallowed, disqualified or suspended prior to the Record Date;[4]

---

[4]   Pursuant to Bankruptcy Rule 3003(c)(2), with respect to all persons or entities who are listed on Debtors'
Schedules as having a claim or a portion of a claim that is disputed, unliquidated or contingent which person or
(Continued...)

c.   all persons or entities, including Aircraft Trustees, as applicable, that hold claims pursuant to an agreement or settlement with the Debtors executed prior to the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court, in an Order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, irregardless of whether a proof of claim has been filed.

d.   the holder of any Disputed Claim (as defined in Paragraph D.6 herein) that has been temporarily allowed to vote pursuant to a Resolution Event (as defined below) pursuant to the procedures set forth in Paragraphs D.6-D.7 herein;

e.   with respect to any Beneficial Holder (as defined below) that is not an Aircraft Certificateholder (as defined below), to the applicable record holders or Nominee, as reflected in the relevant records as of the Record Date;

f.   the Securities and Exchange Commission;

g.   the Internal Revenue Service; and

h.   the United States Attorney for the Northern District of Illinois.

The Debtors shall make every reasonable effort to ensure that creditors who have more than one claim in a Class (as defined in the Plan) receive no more than one set of the Solicitation Documents and one Ballot for each Class.

At the request of certain parties serving in the capacity of Indenture Trustees, Pass-through Trustees, Collateral Agents, Subordination Agents, Security Trustees, Mortgagees, or Owner Trustees, as the case may be, in connection with the Debtors' aircraft-related financing arrangements (each, an "Aircraft Trustee"), the Debtors have agreed to distribute, pursuant to the procedures set forth in Paragraph D.2 below, the following: (I) with respect to the public debt aircraft financings in Class 2E-5 under the Plan, on behalf of the Aircraft Trustees serving in such capacity (collectively, "Public Debt Aircraft Trustees"), the Debtors shall, pursuant to the procedures set forth in Paragraph D.2 below, (A) mail, or cause to be mailed, to beneficial holders of certificates in the tranches of certificates entitled, in accordance with the underlying aircraft documents, by the requisite vote of such certificates, to direct and instruct the relevant Public Debt Aircraft Trustees, in connection with the Unsecured Public Debt Aircraft Claims, (the "Controlling Certificateholders"), on whose behalf the Public Debt Aircraft Trustees shall be executing, completing and delivering Ballots pursuant to the procedures set forth in Paragraph D.2 below, only: (i) the beneficial holder letter of direction (to be in a form agreed to by the

---

entity did not timely file a proof of claim, the Debtors shall not distribute any documents or notices on behalf of such claim.

4

Public Debt Aircraft Trustees)(the "Certificateholder Ballot"), (ii) the Plan Summary, (iii) the Solicitation Notice, and (iv) the CD-Rom. Any Certificateholder Ballots executed and completed by Controlling Certificateholders shall be returned to the applicable Public Debt Aircraft Trustee, as provided in the Certificateholder Ballots. The Certificateholder Ballot will additionally instruct the Controlling Certificateholders that items (e) through (g) in Paragraph C.1 above can be obtained by accessing the Debtors' private website at http://www.pd-ual.com or by requesting a copy from the Debtors' Solicitation Agent, by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527, (B) mail, or cause to be mailed, only upon the request of the Public Debt Aircraft Trustees, a copy of the Solicitation Procedures Order, and the Solicitation Notice to holders of certificates in the non-controlling tranches of the enhanced equipment trust certificates (the "Non-Controlling Certificateholders" together with Controlling Certificateholders are defined collectively as (the "Public Debt Aircraft Certificateholders"). The Debtors are not required to solicit acceptances or rejections of the Plan from, and/or to distribute Certificateholder Ballots to the Non-Controlling Certificateholders, and (II) with respect to the private aircraft debt financings in Classes 1E-1, 2E-1, 3E-1, 1E-2, 2E-2, 3E-2 under the Plan, the Debtors agree to provide the Aircraft Trustees serving in such capacity ("Private Debt Aircraft Trustees"), upon their request, with sufficient copies of the Plan Summary, the Solicitation Notice, and the CD-Rom for delivery by the Private Debt Aircraft Trustees to the private debt Aircraft Certificateholders of record as of the Record Date ("Private Debt Aircraft Certificateholders" which together with the Public Debt Aircraft Certificateholders are collectively referred to as the "Aircraft Certificateholders").

       3.    <u>Non-Voting Status Notices</u>: Notwithstanding the above, certain creditors whose claims are not classified in accordance with 11 U.S.C. § 1123(a)(1) or who are not entitled to vote because they are deemed to accept or reject the Plan under 11 U.S.C. §§ 1126(f) or 1126(g) will receive only the Solicitation Notice and one of the following additional notices: (i) *Notice of Non-Voting Status With Respect To Unimpaired Classes Deemed to Accept the Plan and Unclassified Classes*, or (ii) *Notice of Non-Voting Status With Respect To Impaired Classes Deemed To Reject the Plan*, as applicable, each substantially in the forms attached to the Solicitation Procedures Order as Exhibits 11 and 12, respectively (collectively, the "Non-Voting Status Notices"). The Solicitation Notice will instruct these creditors that they may obtain copies of the Plan, the Disclosure Statement, the Plan Supplement, the Solicitation Procedures Order, and all other Solicitation Documents by accessing the Debtors' private website at http://www.pd-ual.com or by requesting a copy from Debtors' Solicitation Agent, by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.

       4.    <u>Retained Causes of Action and Counterparties to Executory Contracts and Unexpired Leases Notices</u>: The parties listed on Exhibit 2 in the Plan Supplement *Retained Causes of Action* and the counterparties to the Debtors' current executory contracts and unexpired leases listed on Exhibits 3 through 13 in the Plan Supplement will receive only the Solicitation Notice and one or both of the following additional notices: (i) *Notice to Parties to Retained Causes of Action, and/*or (ii) *Notice to Counterparties to Executory Contracts and Unexpired Leases*, as applicable, each substantially in the forms attached to the Solicitation Procedures Order as Exhibits 13 and 14, respectively. These creditors may obtain copies of the Plan, the Disclosure Statement, the Plan Supplement, the Solicitation Procedures Order and all

K&E 10220016.26

other Solicitation Documents by accessing the Debtors' private website at http://www.pd-ual.com or by requesting a copy from Debtors' Solicitation Agent, by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527. If any of these parties also have impaired claims or equity interests pending against the Debtors on the Record Date, they will in addition receive the Solicitation Documents pursuant to the procedures outlined in Paragraph C.2 above.

     5.     <u>Publication of Solicitation Notice</u>: In addition to the above, the Debtors shall, one time after the Disclosure Statement Hearing, publish the Solicitation Notice in the following publications: <u>The Wall Street Journal</u> (National Edition), <u>USA Today</u> (National and Global Editions), <u>Chicago Tribune</u>, <u>The International Herald Tribune</u>, <u>Los Angeles Times</u>, <u>San Francisco Chronicle</u>, <u>Rocky Mountain News</u>, <u>Washington Post</u>, and the <u>Toronto Star</u>.

## D.    Approval of Voting and Tabulation Procedures

### <u>Who Can Vote</u>:

     1.     Only the following holders of claims in voting classes shall be entitled to vote with regard to such claims:

     a.     the holders of claims for which proofs of claim have been timely filed, as reflected on the official claims register, as of the close of business on the Record Date, with the exception of those claims subject to a pending objection filed before the Voting Deadline, unless such claims are allowed for voting purposes pursuant to a Resolution Event (as defined below) pursuant to the procedures in Paragraphs D.6-D.7 herein; <u>provided, however</u>, to the extent that the Debtors have reached a settlement on a claim for which a proof of claim has been timely filed, the terms of such settlement shall govern for purposes of determining the holder of the claim and the amount of the claim;

     b.     the holders of scheduled claims that are listed in the Debtors' Schedules, with the exception of those scheduled claims that are listed as contingent, unliquidated or disputed claims (excluding such scheduled claims that have been superseded by a timely-filed proof of claim); and

     c.     the holders of claims arising pursuant to an agreement or settlement with the Debtors executed prior to the close of business on the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court, in an Order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court irregardless of whether a proof of claim has been filed.

     The assignee of a transferred and assigned claim (whether a timely-filed or scheduled claim) shall be permitted to vote such claim only if the appropriate Transfer/Assignment Form has been noted on the Bankruptcy Court's docket as of the close of business on the Record Date.

2.      Only those beneficial owners of Debtors' public Securities ("Beneficial Holders") whose claims have not been satisfied prior to the Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by The Depository Trust Company ("DTC") and/or the applicable indenture trustee, as of the close of business on the Record Date,[5] shall be entitled to vote claims based on such Securities (the "Beneficial Holder Claims"); provided, however, with respect to claims in Classes 1E-1, 2E-1, 3E-1, 1E-2, 2E-2, 3E-2, and 2E-5 relating to aircraft related private and public debt transactions, the relevant Aircraft Trustees acting on behalf of such Aircraft Certificateholders, pursuant to the authority granted such Aircraft Trustees in the Solicitation Procedures Order and in the respective Indentures and other governing documents, shall, on behalf of the relevant Aircraft Certificateholders: (a) cast a Ballot voting to accept or reject the Plan as directed by the requisite Aircraft Certificateholders, or (b) if a vote is not cast, accept or opt to reject the release provisions in Article X of the Plan as directed by the requisite Aircraft Certificateholders; provided, further, that if the Bankruptcy Court enters an Order providing that the Aircraft Certificateholders shall vote instead of the Aircraft Trustees, the Aircraft Certificateholders shall vote pursuant to either the procedures established in Paragraph D.5 below for public Securities or pursuant to such other procedures established by the Debtors.

In connection with the solicitation of votes relating to the claims in Class 2E-5 (Unsecured Public Debt Aircraft Claims), the Debtors are hereby authorized, on behalf of each Public Debt Aircraft Trustee, to deliver Certificateholder Ballots to those Controlling Certificateholders or other Public Debt Aircraft Certificateholders, (a) whose claims have not been satisfied prior to the Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by The Depository Trust Company ("DTC"), and (b) that are entitled, in accordance with the underlying aircraft documents, by the requisite vote of such certificates, to direct and instruct the Public Debt Aircraft Trustees on voting to accept or reject the plan and the releases contained therein. The Public Debt Aircraft Trustees shall provide the Debtors with the CUSIP numbers for those certificates in the debt tranches entitled to direct the Public Debt Aircraft Trustees (in connection with the Plan) and the Debtors may rely on such information exclusively in sending materials to such  Public Debt Aircraft Certificateholders reflected in the records maintained by the DTC for each CUSIP as of the Record Date.  The Public Debt Aircraft Trustees shall be authorized to determine whether a binding instruction has been given by the Public Debt Aircraft Certificateholders pursuant to the provisions set forth in the respective underlying aircraft transaction documents, and if so, the Public Debt Aircraft Trustees shall be, and they hereby are, authorized to cast a Ballot on each aircraft transaction in Class 2E-5 under the Plan either accepting or rejecting the Plan or accepting or opting out of the releases contained therein if no vote is cast on the Plan, and sending such Ballot to the Solicitation Agent by the Voting Deadline.

In connection with the solicitation of votes relating to the claims in Classes 1E-1, 2E-1, 3E-1 (Unsecured Retained Aircraft Classes), and 1E-2, 2E-2, 3E-2 (Unsecured Rejected

---

[5]    The Record Date is October 20, 2005 for all creditors except for holders of Unsecured Chicago Municipal Bond Claims in Class 2E-4 under the Plan whose Record Date shall be January 7, 2005 pursuant to the Chicago Municipal Bond Settlement Agreement.

Aircraft Classes), each Private Debt Aircraft Trustee serving in such capacity in a private debt aircraft financing, shall be authorized to transmit to each holder of record as determined by the registers for the private debt aircraft financings, as of the Record Date, the Debtors' Solicitation Documents for each such transaction and shall be authorized to determine, on a transaction by transaction basis, pursuant to the provisions of the respective underlying transaction documents, whether the requisite holders have given a binding instruction to accept or reject the Plan or to accept or reject the releases contained therein, and if so, such Private Debt Aircraft Trustees shall be authorized to submit a Ballot to the Solicitation Agent by the Voting Deadline either accepting or rejecting the Plan or accepting or rejecting the releases contained therein if no vote is cast on the Plan with respect to each such transaction.

The Debtors and the Solicitation Agent shall exclusively rely on the information provided by the Public Debt Aircraft Trustees in mailing, or causing to be mailed, any documents or other materials to any Aircraft Certificateholder pursuant to these Solicitation Procedures.    The Aircraft Trustees shall be entitled to rely on the applicable Indentures and other governing documents of the relevant transaction in determining the direction to be provided by the Aircraft Certificateholders regarding execution, completion, and delivery of the relevant Ballot by the Aircraft Trustee to the Solicitation Agent by the Voting Deadline.  If so directed by their relevant Aircraft Certificateholders, the Aircraft Trustees shall be entitled to vote the full amounts of the relevant Claims held by the Aircraft Trustees on behalf of the relevant Aircraft Certificateholders.

**Tabulation Procedures:**

3.    <u>Establishing Claim Amount</u>: In tabulating votes, the following hierarchy shall be used to determine the Claim amount associated with each creditor's vote:

a.    The claim amount settled and/or agreed upon by the Debtors prior to the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court, in an Order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court.

b.    The claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in Paragraphs D.6-D.7 below;

c.    The claim amount contained on a proof of claim that has been timely filed by the relevant Bar Date (or deemed timely filed by the Bankruptcy Court under applicable law), provided, however, that Ballots cast by creditors whose claims are not listed on the Debtors' Schedules, but who timely file proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the Voting Deadline, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and will count as Ballots for claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of Section 1126(c) of the Bankruptcy Code; provided further, however, that

8

to the extent the claim amount contained in the proof of claim is different from the claim amount set forth in a court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court as referenced in D.3.a above, the claim amount in the court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court shall supercede the claim amount set forth on the respective proof of claim;[6]

d.     The claim amount listed in the Debtors' Schedules, provided that such claim is not scheduled as contingent, disputed or unliquidated; and

e.     In the absence of any of the foregoing, zero.

The claim amount established pursuant to this Paragraph D.3 shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim.

4.     <u>General Tabulation Procedures</u>: The following voting procedures and standard assumptions shall be used in tabulating ballots:

a.     Except as otherwise provided herein, unless the Ballot or Master Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot or Master Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan;

b.     The Solicitation Agent will date and time-stamp all Ballots and Master Ballots when received. To relieve the Office of the Clerk of the Court of the heavy administrative burdens imposed by Local Rule 3018, the Solicitation Agent shall retain the original Ballots and Master Ballots and an electronic copy of the same for a period of one (1) year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

c.     By December 30, 2005, unless such other date is set by the Bankruptcy Court, the Solicitation Agent will file with the Bankruptcy Court a Voting Report, which will detail the tabulation of Ballots cast for or against the Plan.   The Voting Report will also detail any defective, irregular or otherwise invalid Ballots that were waived by the Debtors or were not waived and therefore not counted by the Debtors;

d.     The method of delivery of Ballots and Master Ballots to be sent to the Solicitation Agent is at the election and risk of each creditor, but, except as otherwise provided in the Disclosure Statement, such delivery will be

---

[6]   With respect to claims represented by public debt Securities, the amounts voted through Ballots and Master Ballots (as further described below), shall not exceed the amount on the master proof of claim, if any, filed with respect to such Securities.

9

deemed made only when the <u>original</u> <u>executed</u> Ballot or Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent by the Voting Deadline;

e. An original executed Ballot or Master Ballot is required. Delivery of a Ballot or Master Ballot to the Solicitation Agent by facsimile, email or any other electronic means will not be valid;

f. No Ballot or Master Ballot should be sent to any of the Debtors, their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g. The Debtors expressly reserve the right to amend from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes to the terms of the Plan or the Debtors waive a material condition to Plan confirmation, the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

h. If multiple Ballots are received from the same creditor with respect to the same claims or equity interests prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

i. Creditors must vote all of their claims or equity interests within a particular Plan class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted;

j. If a Ballot or Master Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity on a claimant's or Beneficial Holder's behalf, such persons should indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder or claimant;

k. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot or Master Ballot at any time, either before or after the close of voting <u>provided however</u>, that any such waivers will be documented in the Voting Report;

l. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots and Master Ballots other than as provided in the Voting Report,

10

nor will any of them incur any liability for failure to provide such notification;

m. Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots and Master Ballots must be cured prior to the Voting Deadline or such Ballots and Master Ballots will not be counted;

n. In the event a designation of lack of good faith is requested by a party-in-interest under Section 1126(e) of the Bankruptcy Code, such vote will be counted by the Debtors, as ordered by the Bankruptcy Court, after notice and a hearing in accordance with Section 1126(e).

o. Subject to any contrary order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Ballots and Master Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided however, that any such rejections will be documented in the Voting Report;

p. If a claim has been estimated or otherwise allowed for voting purposes only by final order of the Bankruptcy Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

q. If an objection to a claim or interest is filed prior to the Record Date, such claim or interest shall be treated in accordance with the procedures set forth in Paragraph D.6 below. If such an objection is filed after the Record Date, the related claim or interest shall be treated in accordance with the procedures set forth in Paragraph D.7 below; and

r. The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (ii) any Ballot or Master Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote on the Plan; (iii) any Ballot or Master Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; and (iv) any unsigned Ballot or Master Ballot.

5. Master Ballot Tabulation Procedures for Beneficial Holder Claims: The following additional procedures, as well as the aforementioned procedures, shall apply to Beneficial Holder Claims; provided, however, pursuant to Paragraphs C.2 and D.2 above, Beneficial Holder Claims of Aircraft Certificateholders shall not use the following procedures unless otherwise specified:

a. The Record Date for determining the identity of the holders of all Beneficial Holder Claims is October 20, 2005; provided however, the

11

Record Date for all Beneficial Holders of Unsecured Chicago Municipal Bond Claims in Class 2E-4 under the Plan shall be January 7, 2005 pursuant to the Chicago Municipal Bond Settlement Agreement.

b.   Beneficial Holder Voting Procedures:

i.   The Solicitation Agent shall distribute or cause to be distributed the appropriate number of copies of Ballots to each Beneficial Holder holding a claim as of the Record Date, including Nominees identified by the Solicitation Agent as entities through which Beneficial Holders hold their claims relating to Securities;

ii.   Any Nominee which is a holder of record with respect to Securities, shall vote on behalf of Beneficial Holders of such Securities by (i) immediately distributing a copy of the Solicitation Documents, including Ballots, it receives from the Debtors' Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, or if a vote is not cast, accepting or rejecting the releases in Article X of the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline;

iii.   Any Beneficial Holder holding Securities as a record holder in its own name should vote on the Plan by completing and signing a Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline; provided, however, in connection with a Chicago Municipal Bond, such Nominee should follow the instructions on the applicable Chicago Municipal Bond Master Ballot;

iv.   Any trustee (unless otherwise empowered to do so) will not be entitled to vote on behalf of the holders of Beneficial Holder Claims; rather, each such holder of a Beneficial Holder Claim must submit his or her own Ballot;

v.   Any Beneficial Holder holding Securities in "street name" through a Nominee should vote on the Plan through such Nominee by completing and signing the Ballot and returning such Ballot to the appropriate Nominee as promptly as possible and in sufficient time to allow such Nominee to process the Ballot and return the Master Ballot to the Solicitation Agent prior to the Voting Deadline;

vi.   Any Ballot returned to a Nominee by a Beneficial Holder will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent a Master Ballot that reflects the vote of such Beneficial Holders by the

12

Voting Deadline. Nominees shall retain all Ballots returned by Beneficial
Holders for a period of one (1) year after the Effective Date of the Plan;

vii.     If a Beneficial Holder holds Securities through more than one
Nominee or through multiple accounts, such Beneficial Holder may
receive more than one Ballot, and each such Beneficial Holder should
execute a separate Ballot for each block of Securities that it holds through
any Nominee and return each such Ballot to the appropriate Nominee; and

viii.    If a Beneficial Holder holds a portion of its Securities through a
Nominee or Nominees and another portion in its own name as the record
holder, such Beneficial Holder should follow the procedures described in
Paragraph D.5.b.iii herein to vote the portion held in its own name and the
procedures described in the rest of this Paragraph D.5.b to vote the portion
held by the Nominee(s).

## Temporary Allowance of Claims for Voting Purposes:

6.     If an objection to a Claim or Interest is pending on the Record Date, such Claim
or Interest Holder shall receive a copy of the Solicitation Notice and a *Notice of Non-Voting
Status With Respect To Disputed Claims* ("Disputed Claim Notice"), substantially in the form
attached as Exhibit 15 to the Solicitation Procedures Order, in lieu of a Ballot. The Disputed
Claim Notice shall inform such person or entity (i) that its Claim ("Disputed Claim") or Interest
("Disputed Interest") has been objected to; and (ii) that the holder of such Disputed Claim or
Disputed Interest cannot vote absent any of the following taking place prior to the Voting
Deadline: (a) an order is entered by the Bankruptcy Court temporarily allowing such Disputed
Claim or Disputed Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after
notice and a hearing; (b) a stipulation or other agreement is executed between the holder of the
Disputed Claim or Disputed Interest and the Debtors temporarily allowing the holder of the
Disputed Claim or Disputed Interest to vote its claim or interest in an agreed upon amount (and
simultaneous notice of such agreement having been given to the Creditors' Committee, provided
that, nothing herein shall impair the Creditors' Committee's right to object to the temporary
allowance of such claim for purposes of voting within seven (7) days of receipt of notice of such
agreement); or (c) the pending objection to the Disputed Claim or Disputed Interest is voluntarily
withdrawn by the Debtors (each, a "Resolution Event"). No later than two (2) Business Days
after a Resolution Event, the Solicitation Agent shall distribute a Ballot and a pre-addressed,
postage pre-paid envelope to the relevant holder of the Disputed Claim or Disputed Interest,
which must be returned to the Solicitation Agent by no later than the Voting Deadline.

7.     If an objection to a Disputed Claim or Disputed Interest is filed by the Debtors
after the Record Date, the Ballot of the holder of such Disputed Claim or Disputed Interest will
not be counted absent a Resolution Event taking place on or before the Plan Confirmation
Hearing.

## E.     Third Party Release Language in Plan

13

The third party release and injunction language in Article X of the Plan will be included in the Solicitation Notice and is described in the Plan Summary. Each Ballot and Master Ballot advises creditors in bold and capitalized print that creditors who either (a) vote to accept the Plan or (b) abstain from casting a vote and do not opt to reject the release provisions in the Plan, are automatically deemed to have accepted the release provisions in Article X of the Plan. Creditors are further advised on their Ballots that creditors not casting a vote may, on or before the Voting Deadline, return their Ballot to the Solicitation Agent or their Nominee (if the Nominee is voting on their behalf) electing to either accept or reject the release provisions in Article X of the Plan.

F.    **Unsecured Retiree Convenience Class Claims in Class 2D-2 of the Plan**

The Retiree Convenience Class Claims in Class 2D-2 of the Plan consists of all Pilot Non-Qualified Benefit Claims, Section 1114 Claims, and/or SERP Claims. Notwithstanding that only certain of the Holders of Retiree Convenience Class Claims filed proofs of claim, the Plan provides that as of the Record Date, each retiree shall (i) be deemed to have a claim against United in the amount reflected on the Debtors' books and records, and (ii) receive the distribution provided for in the Plan for Holders of Retiree Convenience Class Claims; provided, however, a Holder of a Retiree Convenience Class Claim may elect to exercise his or her Retiree Opt-Out Rights to be treated as a Class 2E-6 Other Unsecured Claim and to receive the treatment provided for the Class 2E-6 Other Unsecured Claim in the Plan; provided further, however, if a Holder exercises his/her Retiree Opt-Out Rights and asserts claim(s) that exceed those amounts, the Debtors reserve their right to challenge the amount of such claim(s). A Ballot substantially in the form of Exhibit 4 to the Solicitation Procedures Order shall be distributed to the Holders of Retiree Convenience Class Claims.

G.    **Unsecured Chicago Municipal Bond Claims in Class 2E-4 of the Plan**

The Unsecured Chicago Municipal Bond Claims in Class 2E-4 of the Plan consists of all the holders of Chicago Municipal Bonds as of the January 7, 2005 Record Date. A settlement agreement (the "Chicago Municipal Bond Settlement Agreement") dated as of December 17, 2004, which resolved the Chicago Municipal Bond Adversary Proceeding, was executed by, among others, United, one of the Debtors, and each of the Trustees for the Chicago Municipal Bonds. The Chicago Municipal Bond Settlement Agreement, which was approved by the Court by order entered on February 15, 2005, provides for, among other things, the treatment under the Debtors' Plan with respect to the Beneficial Holders of Chicago Municipal Bonds. The Chicago Municipal Bond Ballots, substantially in the forms set forth in Exhibits 4 and 7 to the Solicitations Procedures Order, will be distributed to the Beneficial Holders that owned the Chicago Municipal Bonds on the January 7, 2005 Record Date. The Chicago Municipal Bond Settlement Agreement provides that only those Beneficial Holders who own Chicago Municipal Bonds on the January 7, 2005 Record Date are eligible to: (a) vote to accept or reject the Plan, or if a vote is not cast, accept or reject the releases in Article X of the Plan; and (b) with respect all Chicago Municipal Bonds except the Series 2000A Bonds, elect a particular treatment, Option A or Option B (which election is non-transferable), all as set forth in Sections 3(a)(ii) and 3(c)(ii) of the Chicago Municipal Bond Settlement Agreement.

If a Chicago Municipal Bond Beneficial Holder elects Option B, the Nominee must electronically "tender" the underlying bonds relating to such election through ATOP into the

14

account at The Depository Trust Company established for that purpose. Tenders of Chicago Municipal Bonds relating to such election may be withdrawn until the Voting Deadline. After the Voting Deadline, no withdrawals of tendered Chicago Municipal Bonds will be permitted. Once the Chicago Municipal Bonds have been tendered and the Voting Deadline has passed, no further trading will be permitted in the Chicago Municipal Bonds that elected Option B. To effect the Option B election on behalf of the Beneficial Holder, the Nominee is required, in addition to tendering the underlying Chicago Municipal Bonds as specified above, to wire the requisite $26 per $1,000 Principal Amount of the Chicago Municipal Bonds electing Option B to the account that will be specified in the Master Ballot.[7]

Sections 2(b) and 7(a) of the Chicago Municipal Bond Settlement Agreement further provide that to the extent the Plan terms are consistent with the terms of the Chicago Municipal Bond Settlement Agreement, certain Chicago Municipal Bond Beneficial Holders (Vanguard, Stark, and Nuveen, as defined in the Chicago Municipal Bond Settlement Agreement), are deemed to have agreed, solely in their capacity as Beneficial Holders of the Chicago Municipal Bonds, that they have forever waived their right to take any action that is inconsistent with the approval of the Bankruptcy Court of the Plan and if they object to, vote against, or take any action that is inconsistent with the approval of the Plan by the Bankruptcy Court, then, in addition to the Debtors' rights under the Chicago Municipal Bond Settlement Agreement, at law or in equity, such Beneficial Holder's distribution under the Plan shall be automatically reduced to one dollar ($1.00).

**H.    Unsecured Convenience Class Claims in Classes 1D, 2D-1, and 3D through 28D of the Plan and Other Unsecured Claims Optional Elections in Classes 1E-3, 2E-6, 3E-3, and 4E through 28E of the Plan**

Pursuant to the Plan, Holders of Unsecured Convenience Class Claims in Classes 1D, 2D-1, and 3D through 28D may elect on their Ballots to opt out of the Unsecured Convenience Claims Class. If a Holder elects this option, such Holder's vote will count as an Other Unsecured Claim Class vote and such Holder will receive the treatment specified for Other Unsecured Claims under the Plan. Similarly, the Plan provides that Holders of Other Unsecured Claims in Classes 1E-3, 2E-6, 3E-3, and 4E through 28E may elect on their Ballots to opt in to the Unsecured Convenience Claims Class, provided, however, if a Holder elects this option, such Holder's vote will count as an Unsecured Convenience Class Claim vote and such Holder will receive the treatment for such Class under the Plan, including reduction of such Holder's claim to the Unsecured Convenience Class Claim threshold amount of $50,000 provided for in the Plan. Ballots substantially in the forms attached as Exhibits 2 and 3 to the Solicitation Procedures Order will be distributed to Holders of Other Unsecured Claims and Holders of Unsecured Convenience Class Claims, respectively.

---

[7]   Paragraphs 3(a)(ii) and 3(c)(iii) of the Chicago Municipal Bond Settlement Agreement provide that such payment is to be made by cashier's check or money order to United Air Lines, Inc.; however, to simplify the process for Nominees effecting the Option B election, the Debtors are, by this Motion, requesting that the Court order that such transfer be allowable by wire transfer to an account established for the Debtors as set forth on the Chicago Municipal Bond Master Ballot.

15

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,**[1] | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Honorable Eugene R. Wedoff** |

### BALLOT FOR ACCEPTING OR REJECTING
### THE DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO
### CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

### Class «ClassNumber» -UNSECURED CONVENIENCE CLAIMS

### PLEASE READ AND FOLLOW THE ENCLOSED
### VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

### PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN.

---

**THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE DEBTORS' SOLICITATION AGENT, POORMAN-DOUGLAS CORPORATION (THE "SOLICITATION AGENT"). THIS BALLOT MUST BE RECEIVED BY THE SOLICITATION AGENT BY 4:30 P.M., PREVAILING PACIFIC TIME, ON OR BEFORE DECEMBER 19, 2005 (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTORS SHALL REJECT SUCH BALLOT AS INVALID. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

---

[1] The Debtors are the following entities: Air Wisconsin, Inc., Air Wis Services, Inc., Ameniti Travel Clubs, Inc., BizJet Charter, Inc., BizJet Fractional, Inc., BizJet Services, Inc., Cybergold, Inc., Domicile Management Services, Inc., Four Star Leasing, Inc., itarget.com, inc., Kion Leasing, Inc., Mileage Plus, Inc., Mileage Plus Holdings, Inc., Mileage Plus Marketing, Inc., MyPoints.com, Inc., MyPoints Offline Services, Inc., Premier Meeting and Travel Services, Inc., UAL Benefits Management, Inc., UAL Company Services, Inc., UAL Corporation, UAL Loyalty Services, LLC, United Air Lines, Inc., United Aviation Fuels Corporation, United BizJet Holdings, Inc., United Cogen, Inc., United GHS, Inc., United Vacations, Inc., and United Worldwide Corporation.

A

This Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan"). All capitalized terms used in the Ballot or in these instructions, but not otherwise defined herein, shall have the meaning ascribed to such terms in the *Order (A) Approving Disclosure Statement, and (B) Approving the Solicitation Procedures and Form of Solicitation Documents and Notices* (the "Solicitation Procedures Order"), the Disclosure Statement for the Plan and all exhibits thereto (the "Disclosure Statement") or the Plan, as the case may be.

This Ballot is being sent to you because our records indicate that you are a Holder of a Class «ClassNumber» Unsecured Convenience Claim as of October 20, 2005 (the "Record Date"), and, accordingly, you have a right to vote to accept or reject the Debtors' Plan or if you do not cast a vote, elect to opt out of or accept the release provisions in Article X of the Plan. **Your rights are described in the Disclosure Statement and the Plan. The Disclosure Statement, Plan, Solicitation Procedures Order, and certain other documents contained in the Plan Supplement are included on the CD-Rom you are receiving with this Ballot. These documents, along with the Plan Supplement, and all other Solicitation Documents are also available for viewing by accessing the Debtors' private website at http://www.pd-ual.com or by contacting the Debtors' Solicitation Agent by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.**

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you believe you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone number above.

*You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class «ClassNumber» Unsecured Convenience Claim under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote. You should return all Ballots for each Class in which you are entitled to vote. All Persons receiving Ballots with respect to Class «ClassNumber» Unsecured Convenience Claims should return completed Ballots in accordance with the instructions set forth therein.*

This Ballot is divided into two parts:

PART I        WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT

PART II       ITEMS ON THE BALLOT

        Item 1.       Amount of Unsecured Convenience Claim in Class «ClassNumber»
        Item 2.       Unsecured Convenience Claim Vote
        Item 3.       Releases
        Item 4.       Optional Election: Unsecured Convenience Claim Class Election
        Item 5.       Disclosures and Certifications

**PART I        WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT**

This Ballot is to be used by the Holders of Unsecured Convenience Claims in Class «ClassNumber» under the Plan.  This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan or if a vote is not cast, opting out of or accepting the release provisions in Article X of the Plan. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY. THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE-PRE-PAID RETURN ENVELOPE. YOUR VOTE MUST BE RECEIVED BY THE SOLICITATION AGENT BY 4:30 P.M., PREVAILING PACIFIC TIME, ON OR BEFORE THE VOTING DEADLINE, DECEMBER 19, 2005.**

**PART II        ITEMS ON THE BALLOT**

**Item 1. Amount of Unsecured Convenience Claim in Class «ClassNumber» under the Plan.**

The undersigned certifies that as of the Record Date, October 20, 2005, the undersigned, was the holder of an Unsecured Convenience Claim in Class «ClassNumber» in the amount of $_____.

**Item 2. Unsecured Convenience Claim Vote.**

**THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.**

| The Holder of the Class «ClassNumber» Unsecured Convenience Claim set forth in Item 1 votes to (please check one): | |
|---|---|
| ACCEPT THE PLAN<br>CHECK HERE<br><br>❑ | REJECT THE PLAN<br>CHECK HERE<br><br>❑ |

**A VOTE TO ACCEPT THE PLAN IS ALSO A VOTE TO ACCEPT THE RELEASE PROVISIONS IN ARTICLE X OF THE PLAN.**

A

3

**Item 3. Releases.**

**Complete this Item 3 only if you did NOT vote to either accept or reject the Plan in Item 2 above.**
Pursuant to the Plan, if you return a Ballot, and vote to accept the Plan, you are automatically deemed to have accepted the release provisions in Article X of the Plan. You are also deemed to have accepted the release provisions in Article X of the Plan if you do not cast a vote with respect to the Plan, however, in this instance only, you may check a box below to opt out of or accept the release provisions in the Plan. The Solicitation Notice you received with this Ballot includes the release provisions contained in Article X of the Plan.

| The Holder of the Class «ClassNumber» Unsecured Convenience Claim set forth in Item 1 elects to (please check one): | |
|---|---|
| ACCEPT THE RELEASE PROVISIONS CHECK HERE | OPT OUT OF THE RELEASE PROVISIONS CHECK HERE |
| ❏ | ❏ |

**Item 4. Optional Election: Unsecured Convenience Class Election.**

**IF YOU ELECT THIS OPTION TO ALTER YOUR TREATMENT PLEASE READ THE ENTIRE PARAGRAPH BELOW.**

You may elect to opt out of the Class «ClassNumber» Unsecured Convenience Class, and instead, receive the treatment of «Opt-In ClassNumber» Other General Unsecured Claims Class under the Plan. If you elect to opt out of the Class «ClassNumber» Unsecured Convenience Class, your vote, as indicated in Item 2 above, will count as a Class «Opt-In ClassNumber» Other General Unsecured Claim Class vote and you will receive the treatment for such Class as set forth under the Plan.

❏ **BY CHECKING THIS BOX, THE HOLDER OF THE CLASS «ClassNumber» UNSECURED CONVENIENCE CLAIM SET FORTH IN ITEM 1 ELECTS TO OPT OUT OF THE CONVENIENCE CLASS AND RECEIVE THE TREATMENT OF OTHER GENERAL UNSECURED CLAIMS IN CLASS «Opt-In ClassNumber»**

A

4

K&E 10608187.21

**Item 5. Disclosures and Certifications.**

<u>DISCLOSURES</u>

(i)     A Holder of Unsecured Convenience Claims is required to cast the same vote on every Ballot completed by such person or entity with respect to such Unsecured Convenience Claims;

(ii)     Only the latest dated Ballot cast prior to the Voting Deadline with respect to the Unsecured Convenience Claims identified in Item 1 will be counted and, if any other Ballots have been cast with respect to such Unsecured Convenience Claims, such other Ballots are deemed revoked;

(iii)     Such person or entity understands and acknowledges that the Securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission and such Securities will be acquired for such person's or entity's own account and not with a view to any distribution of such Securities in violation of the United States Securities Act of 1933;

(iv)     (a) The Debtors have made available to all creditors entitled to vote on the Plan or their authorized agent all of the Solicitation Documents, and (b) except for the Solicitation Documents, such creditors are not to have relied on any statement made or other information received from any person with respect to the Plan; and

(v)     All authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, Nominees, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

<u>CERTIFICATIONS</u>

Upon execution of this Ballot, the Holder of the Unsecured Convenience Class Claim identified in Item 1 above certifies that:

(i)     As of the Record Date, October 20, 2005, either (a) such person or entity is the Holder of the Unsecured Convenience Claim in the aggregate amount indicated in Item 1 or (b) such person or entity is an authorized signatory for some person or entity which is the Holder of the Unsecured Convenience Claim in the aggregate amount indicated in Item 1;

(ii)     Such person or entity (or in the case of an authorized signatory, the Holder) is eligible to be treated as the Holder of such Unsecured Convenience Claim in Item 1 for the purposes of voting on the Plan; and

(iii)     It has reviewed and understands the disclosures in the section titled "Disclosures" immediately above.

A

5

Dated:_____

Name of Creditor_____
                    (Print or Type)

Signature_____

By_____
         (If Other Than Creditor)

Title:_____
         (If Appropriate)

Telephone Number:_____

Street Address:_____

City, State and Zip Code_____

☐  *Please check here if the above address is a Change
    of Address that you would like reflected in the Master
    Mailing List for these Chapter 11 Cases*

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY.
THIS BALLOT MUST BE RECEIVED BY:**

*If by first class mail:*          *If by overnight courier or personal delivery:*
UAL Balloting                     Poorman-Douglas Corporation
P.O. Box 4349                     Attention: UAL Balloting
Portland, Oregon 97208-4349       10300 SW Allen Boulevard
                                  Beaverton, Oregon 97005

**BY 4:30 PM PREVAILING PACIFIC TIME
ON OR BEFORE DECEMBER 19, 2005, OR YOUR VOTE WILL NOT BE COUNTED**

A

6

K&E 10608187.21

## VOTING INSTRUCTIONS

1. The Debtors are soliciting the votes of holders of Class «ClassNumber» Unsecured Convenience Claims with respect to the Plan referred to in the Disclosure Statement. Your rights are described in the Disclosure Statement and the Plan. **The Disclosure Statement, Plan, Solicitation Procedures Order, and certain other documents contained in the Plan Supplement are included on the CD-Rom you are receiving with this Ballot. These documents, along with the Plan Supplement, and all other Solicitation Documents are also available for viewing by accessing the Debtors' private website at http://www.pd-ual.com or by contacting the Debtors' Solicitation Agent by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.** All capitalized terms used in this Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement, the Plan or the Solicitation Procedures Order, as the case may be.

2. The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on all holders, if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class voting on the Plan.

3. To ensure that your vote is counted, complete and return this Ballot as follows: (a) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot or if you do not cast a vote, indicate in Item 3 whether you opt out of or accept the release provisions, and (c) review the Disclosures and Certifications in Item 5 and sign and return the Ballot in the enclosed pre-addressed, postage pre-paid envelope so that it is **ACTUALLY RECEIVED** by the Solicitation Agent by the Voting Deadline, December 19, 2005 at 4:30 p.m., prevailing Pacific time.

4. If a Ballot is received after the Voting Deadline, it will not be counted. The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each entity. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **ACTUALLY RECEIVED** by the Solicitation Agent. Sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile transmission, e-mail or any other electronic means will not be valid. **This Ballot should not be sent to the Debtors, any of their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so), or the Debtors' financial or legal advisors.**

5. In addition, along with your Ballot, you must complete and return to the Solicitation Agent the enclosed W9 tax form by the Voting Deadline.

6. You must vote all of your Claims within a particular Plan class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

7. If multiple Ballots are received from you with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received.

8. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan (or if a vote is not cast, opt out of or accept the releases in the Plan) and make certain elections with respect to the Plan, if so desired.

9. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

A

i

10.  The following Ballots shall <u>not</u> be counted in determining the acceptance or rejection of the Plan:
     (i) any Ballot that is illegible or contains insufficient information to permit the identification of
     the creditor; (ii) any Ballot cast by a person or entity that does not hold a claim in a class that is
     entitled to vote on the Plan; (iii) any Ballot cast for a claim scheduled as unliquidated, contingent
     or disputed for which no proof of claim was timely filed; (iv) any Ballot sent to the Solicitation
     Agent by facsimile or other electronic means; and (v) any unsigned Ballot.

11.  Please be sure to sign and date your Ballot.  If you are signing the Ballot as a trustee, executor,
     administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or
     representative capacity, you must indicate such capacity when signing and, if required or
     requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper
     evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim. In
     addition, please provide your name and mailing address if different from that set forth on the
     attached mailing label or if no such mailing label is attached, to the Ballot.

12.  If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot
     coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.
     Please complete and return each Ballot you receive.

13.  Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Ballot
     will not be deemed to have been made until such defect or irregularity has been cured or waived
     by the Debtors.  Any waiver by the Debtors of any defects or irregularities in any Ballot will be
     detailed in the Voting Report filed with the Bankruptcy Court by the Solicitation Agent.  Neither
     the Debtors, nor any other person or entity, will be under any duty to provide notification of
     defects or irregularities with respect to delivered Ballots other than as provided in the Voting
     Report, nor will any of them incur any liability for failure to provide such notification.

14.  If you believe you have received the wrong Ballot, please contact the Solicitation Agent
     immediately.

15.  No fees or commissions or other remuneration will be payable to any broker, dealer or other
     person for soliciting Ballots accepting the Plan.


### PLEASE DELIVER YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT
OR THESE VOTING INSTRUCTIONS,
PLEASE CALL THE SOLICITATION AGENT AT (877) 752-5527.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER
YOU OR ANY OTHER PERSON, THE AGENT OF THE DEBTORS OR THE SOLICITATION
AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR
MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE
PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DEBTORS'
SOLICITATION DOCUMENTS, INCLUDING THE DISCLOSURE STATEMENT AND PLAN.**

A

ii

# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,**[1] | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | **Honorable Eugene R. Wedoff** |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO**
**CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

**Class «ClassNumber» -UNSECURED RETIREE CONVENIENCE CLASS CLAIMS**

Amount of Claim:

1. Amount of Pilot Non-Qualified Benefit Claim[2]  $ _____
2. Amount of Section 1114 Claim[3]  $ _____
3. Amount of SERP Claim[4]  $ _____

---

[1]   The Debtors are the following entities: Air Wisconsin, Inc., Air Wis Services, Inc., Ameniti Travel Clubs, Inc., BizJet Charter, Inc., BizJet Fractional, Inc., BizJet Services, Inc., Cybergold, Inc., Domicile Management Services, Inc., Four Star Leasing, Inc., itarget.com, inc., Kion Leasing, Inc., Mileage Plus, Inc., Mileage Plus Holdings, Inc., Mileage Plus Marketing, Inc., MyPoints.com, Inc., MyPoints Offline Services, Inc., Premier Meeting and Travel Services, Inc., UAL Benefits Management, Inc., UAL Company Services, Inc., UAL Corporation, UAL Loyalty Services, LLC, United Air Lines, Inc., United Aviation Fuels Corporation, United BizJet Holdings, Inc., United Cogen, Inc., United GHS, Inc., United Vacations, Inc., and United Worldwide Corporation.

[2]   As defined in Article I of the Plan, a Pilot Non-Qualified Benefit Claim is an Unsecured Claim of a retired pilot for non-qualified benefits under Section 401(a) of the Internal Revenue Code arising out of termination of the United Airlines Pilot Defined Benefit Pension Plan.

[3]   As defined in Article I of the Plan, a Section 1114 Claim is an Unsecured Claim of a former employee who retired prior to July 1, 2003, on account of retiree benefits as defined in or in reference to 11 U.S.C. § 1114(a).

[4]   As defined in Article I of the Plan, a SERP Claim is an Unsecured Claim of a management employee, officer, or director of the Debtors, for benefits that are non-qualified under Section 401(a) of the Internal Revenue Code, and arising out of the termination of the Management, Administrative & Public Contact Defined Benefit Pension Plan, taking into account recoveries from other sources.

C

K&E 10649596.20

Please take note that United's Plan of Reorganization contains an "Unsecured Retiree Convenience Class," consisting of Creditors with Unsecured Claims against United based on non-qualified benefits under the pilot defined benefit plan, reduced retiree medical benefits, and supplemental executive retirement plan benefits. If you have received this Ballot, United has identified you as having an Unsecured Retiree Convenience Class Claim in the amounts listed on the first page of this Ballot. <u>The Retiree Coalition has reviewed United's calculations of the Allowed Retiree Convenience Class Claim amounts and generally agrees with those amounts (subject to United conferring with PAFCA on its Claims).</u> United's Plan proposes satisfying your Unsecured Retiree Convenience Class Claim by selling a certain amount of Reorganized UAL Common Stock, deducting the costs of sale and any applicable taxes, and paying you the net cash proceeds, based on your Claim amount. If instead of cash you prefer to receive Reorganized UAL Common Stock (after deducting enough Stock to satisfy applicable taxes), then you <u>may</u> elect to "opt out" of this Unsecured Retiree Convenience Class in ITEM 4 of this Ballot and be treated instead as holding an Other Unsecured Claim (as discussed in the Plan). Moreover, if you believe your Claim should be greater than the amounts listed on this Ballot, you <u>must</u> opt out of this Unsecured Retiree Convenience Class (thereby being treated as holding an Other Unsecured Claim), and you must also list what you believe is the amount of your Claim in ITEM 4 of the Ballot; <u>however</u>, in that case the Debtors reserve the right to challenge the amount of your Claim. This short summary, is not meant as a substitute for the terms and conditions set forth in this Ballot and in the Plan and accompanying Disclosure Statement.

**PLEASE READ AND FOLLOW THE ENCLOSED
VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.
PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR
REJECTION OF THE PLAN.**

**THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE DEBTORS' SOLICITATION AGENT, POORMAN-DOUGLAS CORPORATION (THE "SOLICITATION AGENT"). THIS BALLOT MUST BE RECEIVED BY THE SOLICITATION AGENT BY 4:30 P.M., PREVAILING PACIFIC TIME, ON OR BEFORE DECEMBER 19, 2005 (THE "VOTING DEADLINE"). IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTORS SHALL REJECT SUCH BALLOT AS INVALID. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT IT WILL BE BINDING ON YOU <u>WHETHER OR NOT YOU VOTE.</u>**

This Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan"). All capitalized terms used in the Ballot or in these instructions, but not otherwise defined herein, shall have the meaning ascribed to such terms in the *Order (A) Approving Disclosure Statement, and (B) Approving the Solicitation Procedures and Form of Solicitation Documents and Notices* (the "Solicitation Procedures Order"), the Disclosure Statement for the Plan and all exhibits thereto (the "Disclosure Statement") or the Plan, as the case may be.

This Ballot is being sent to you because our records indicate that you are a Holder of a Class «ClassNumber» Unsecured Retiree Convenience Claim as of October 20, 2005 (the "Record Date"), and, accordingly, you have a right to vote to accept or reject the Debtors' Plan or if you do not cast a vote, elect to opt out of or accept the release provisions in Article X of the Plan. **Your rights are described in the Disclosure Statement and Plan. The Disclosure Statement, Plan, Solicitation Procedures Order, and certain other documents contained in the Plan Supplement are included on the CD-Rom you are receiving with this Ballot. These documents,**

**along with the Plan Supplement, and all other Solicitation Documents are also available for viewing by accessing the Debtors' private website at http://www.pd-ual.com or by contacting the Debtors' Solicitation Agent by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.**

The Unsecured Retiree Convenience Claim Class consists of all Pilot Non-Qualified Benefit Claims, Section 1114 Claims, and/or SERP Claims. Pursuant to the Plan, you are deemed to have, as of the Record Date, an Unsecured Retiree Convenience Class Claim in the amount reflected in the Debtors' books and records, which is set forth for your convenience on the front of the Ballot, regardless of whether or not you filed a proof of claim against the Debtors; provided, however, you may elect on Item 4 of this Ballot to exercise your right to opt out of the Unsecured Retiree Convenience Class and to receive the treatment provided for the Class «ClassNumber» Other Unsecured Claims in the Plan (the "Retiree Opt-Out Rights"); provided further, however, that if you exercise your Retiree Opt-Out Rights and assert Claims in amounts greater than the amounts listed on the first page of this Ballot, the Debtors reserve their right to challenge the amount of such Claims. The Plan and Disclosure Statement describe the treatment for both the Unsecured Retiree Convenience Claims Class and the Other Unsecured Claims Class.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you believe you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone number above.

*You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class «ClassNumber» Unsecured Retiree Convenience Claim under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote. All Persons receiving Ballots with respect to Class «ClassNumber» Unsecured Retiree Convenience Claims should return completed Ballots in accordance with the instructions set forth therein.*

This Ballot is divided into two parts:

PART I     WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT

PART II    ITEMS ON THE BALLOT

| | |
|---|---|
| Item 1. | Amount of Unsecured Retiree Convenience Claims |
| Item 2. | Unsecured Retiree Convenience Claims Vote |
| Item 3. | Releases |
| Item 4. | Optional Election: Unsecured Retiree Convenience Claims Election |
| Item 5. | Disclosures and Certifications |

C.

K&E 10649596.20

## PART I     WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT

This Ballot is to be used by the Holders of Unsecured Retiree Convenience Claims in Class «ClassNumber» under the Plan.  This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan or if a vote is not cast, opting out of or accepting the release provisions in Article X of the Plan.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY. THIS BALLOT IS ACCOMPANIED BY A PRE-ADDRESSED, POSTAGE-PRE-PAID RETURN ENVELOPE. YOUR VOTE MUST BE RECEIVED BY THE SOLICITATION AGENT BY 4:30 P.M., PREVAILING PACIFIC TIME, ON OR BEFORE THE VOTING DEADLINE, DECEMBER 19, 2005.**

## PART II     ITEMS ON THE BALLOT

**Item 1. Amount of Unsecured Retiree Convenience Claim in Class «ClassNumber» under the Plan.**

The undersigned certifies that as of the October 20, 2005 Record Date, the undersigned, was the holder of a Class «ClassNumber» Unsecured Retiree Convenience Claim in the amount reflected in the Debtors' books and records and listed on the first page of this Ballot, unless the undersigned checks the box in Item 4 of this Ballot, exercising his/her Retiree Opt-Out Rights.

**Item 2. Unsecured Retiree Convenience Class Claims Vote.**

**THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.**

| The Holder of the Class «ClassNumber» Unsecured Retiree Convenience Claim set forth in Item 1 votes to (please check one): | |
|---|---|
| <u>ACCEPT</u> THE PLAN<br>CHECK HERE<br><br>❑ | <u>REJECT</u> THE PLAN<br>CHECK HERE<br><br>❑ |

**A VOTE TO ACCEPT THE PLAN IS ALSO A VOTE TO ACCEPT THE RELEASE PROVISIONS IN ARTICLE X OF THE PLAN.**

C

4

K&E 10649596.20

**Item 3. Releases.**

**Complete this Item 3 only if you did NOT vote to either accept or reject the Plan in Item 2 above.**
Pursuant to the Plan, if you return a Ballot, and vote to accept the Plan, you are automatically deemed to have accepted the release provisions in Article X of the Plan. You are also deemed to have accepted the release provisions in Article X of the Plan if you do not cast a vote with respect to the Plan, however, in this instance only, you may check a box below to opt out of or accept the release provisions in the Plan. The Solicitation Notice you received with this Ballot includes the release provisions contained in Article X of the Plan.

| The Holder of the Class «ClassNumber» Unsecured Retiree Convenience Class Claim set forth in Item 1 elects to (please check one): | |
|---|---|
| ACCEPT THE RELEASE PROVISIONS CHECK HERE ❑ | OPT OUT OF THE RELEASE PROVISIONS CHECK HERE ❑ |

**Item 4. Optional Election: Unsecured Retiree Convenience Class Claim Election.**

**IF YOU ELECT THIS OPTION TO ALTER YOUR TREATMENT PLEASE READ THE ENTIRE PARAGRAPH BELOW. PLEASE RECOGNIZE THAT IF YOU SELECT THIS OPTIONAL ELECTION, THE AMOUNT OF YOUR CLAIM AS SET FORTH ON THE FIRST PAGE OF THIS BALLOT WILL NOT APPLY.**

You may elect to exercise your Retiree Opt-Out Rights to opt out of the Class «ClassNumber» Unsecured Retiree Convenience Class, and instead, receive the treatment of Other General Unsecured Claims under Class «Opt-In ClassNumber» of the Plan. If you elect to opt out of the Class «ClassNumber» Unsecured Retiree Convenience Class, your vote, as indicated in Item 2 above, will count as a Class «Opt-In ClassNumber» Other General Unsecured Claim vote and you will receive the treatment for such Class as set forth under the Plan. If you exercise your Retiree Opt-Out Rights and assert Claim(s) in amounts greater than the amounts listed on the first page of this Ballot, the Debtors reserve their right to challenge the amount of such claim(s). If you do not opt out of the Class «ClassNumber» Unsecured Retiree Convenience Class, you are agreeing that your Claim will be treated in the amount reflected in the Debtors' books and records as set forth on the front page of this Ballot.

❑ **BY CHECKING THIS BOX, THE HOLDER OF THE CLASS «ClassNumber» UNSECURED RETIREE CONVENIENCE CLAIM SET FORTH IN ITEM 1 ELECTS TO OPT OUT OF THE RETIREE CONVENIENCE CLASS AND RECEIVE THE TREATMENT OF OTHER UNSECURED CLAIMS IN CLASS «Opt-In ClassNumber» SUBJECT TO THE DEBTORS' RESERVATIONS OF RIGHTS TO CHALLENGE THE VALIDITY AND AMOUNT OF SUCH HOLDER'S «Opt-In ClassNumber» OTHER UNSECURED CLAIM.**

C

K&E 10649596.20

ONLY if you exercise your Retiree Opt-Out Rights AND assert Claim(s) in amounts greater than the amounts listed on the first page of this Ballot, please set forth your asserted claim amount below.

$_____

THE DEBTORS RESERVE THEIR RIGHT TO CHALLENGE THE AMOUNT OF ANY SUCH ASSERTED CLAIMS.

## Item 5. Disclosures and Certifications.

### DISCLOSURES

(i)      A Holder of Unsecured Retiree Convenience Claims is required to cast the same vote on every Ballot completed by such person or entity with respect to such Unsecured Retiree Convenience Claims;

(ii)     Only the latest dated Ballot cast prior to the Voting Deadline with respect to the Unsecured Retiree Convenience Claims identified in Item 1 will be counted and, if any other Ballots have been cast with respect to such Unsecured Retiree Convenience Claims, such other Ballots are deemed revoked;

(iii)    Such person or entity understands and acknowledges that the Securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission and such Securities will be acquired for such person's or entity's own account and not with a view to any distribution of such Securities in violation of the United States Securities Act of 1933;

(iv)    (a) The Debtors have made available to all creditors entitled to vote on the Plan or their authorized agents all of the Solicitation Documents, and (b) except for the Solicitation Documents, such creditors are not to have relied on any statement made or other information received from any person with respect to the Plan; and

(v)     All authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, Nominees, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

### CERTIFICATIONS

Upon execution of this Ballot, the Holder of the Unsecured Retiree Convenience Class Claim identified in Item 1 above certifies that:

(i)      As of the Record Date October 20, 2005, either (a) such person or entity is the Holder of the Unsecured Retiree Convenience Claim in the aggregate amount indicated in Item 1 or (b) such person or entity is an authorized signatory for some person or entity which is the Holder of the Unsecured Retiree Convenience Claim in the aggregate amount indicated in Item 1;

(ii)     Such person or entity (or in the case of an authorized signatory, the Holder) is eligible to be treated as the Holder of such Unsecured Retiree Convenience Claim in Item 1 for the purposes of voting on the Plan; and

C

6

K&E 10649596.20

(iii)    It has reviewed and understands the disclosures in the section titled "Disclosures" immediately above.


Dated:_____

Name of Creditor:_____
(Print or Type)

Signature_____

By_____
(If Other Than Creditor)

Title:_____
(If Appropriate)

Telephone Number:_____

Street Address:_____

City, State and Zip Code _____

☐    *Please check here if the above address is a Change of Address that you would like reflected in the Master Mailing List for these Chapter 11 Cases*

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY.
THIS BALLOT MUST BE RECEIVED BY:**

*If by first class mail:*
UAL Balloting
P.O. Box 4349
Portland, Oregon 97208-4349

*If by overnight courier or personal delivery:*
Poorman-Douglas Corporation
Attention: UAL Balloting
10300 SW Allen Boulevard
Beaverton, Oregon 97005

**BY 4:30 PM PREVAILING PACIFIC TIME
ON OR BEFORE DECEMBER 19, 2005, OR YOUR VOTE WILL NOT BE COUNTED**

C
K&E 10649596.20

# VOTING INSTRUCTIONS

1. The Debtors are soliciting the votes of holders of Class «ClassNumber» Unsecured Retiree Convenience Claims with respect to the Plan referred to in the Disclosure Statement. Your rights are described in the Disclosure Statement and the Plan. **The Disclosure Statement, Plan, Solicitation Procedures Order, and certain other documents contained in the Plan Supplement are included on the CD-Rom you are receiving with this Ballot. These documents, along with the Plan Supplement, and all other Solicitation Documents are also available for viewing by accessing the Debtors' private website at http://www.pd-ual.com or by contacting the Debtors' Solicitation Agent by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.** All capitalized terms used in this Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement, the Plan, or the Solicitation Procedures Order, as the case may be.

2. The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on all holders, if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class voting on the Plan.

3. To ensure that your vote is counted, you must complete and return this Ballot as follows: (a) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot or if you do not cast a vote, indicate in Item 3 whether you accept or opt out of the release provisions, and (c) review the Disclosures and Certifications in Item 5 and sign and return the Ballot in the enclosed pre-addressed, postage pre-paid envelope so that it is **ACTUALLY RECEIVED** by the Solicitation Agent by the Voting Deadline, December 19, 2005 at 4:30 p.m. prevailing Pacific time.

4. If a Ballot is received after the Voting Deadline, it will not be counted. The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each entity. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is **ACTUALLY RECEIVED** by the Solicitation Agent. Sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile transmission, e-mail or any other electronic means will not be valid. **This Ballot should not be sent to the Debtors, any of their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so), or the Debtors' financial or legal advisors.**

5. You must vote all of your Claims within a particular Plan class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

6. If multiple Ballots are received from you with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot received.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan (or if a vote is not cast, opt out of or accept the releases in the Plan) and make certain elections with respect to the Plan, if so desired.

8. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

9. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (ii) any Ballot cast by a person or entity that does not hold a claim in a class that is

C

i

entitled to vote on the Plan; (iii) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; (iv) any Ballot sent to the Solicitation Agent by facsimile or other electronic means; and (v) any unsigned Ballot.

10.     Please be sure to sign and date your Ballot. If you are signing the Ballot as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence satisfactory to the requesting party to so act on behalf of the Holder of the Claim. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached, to the Ballot.

11.     If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

12.     Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of any defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Solicitation Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

13.     If you believe you have received the wrong Ballot, please contact the Solicitation Agent immediately.

14.     No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots accepting the Plan.

### PLEASE DELIVER YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT
OR THESE VOTING INSTRUCTIONS,
PLEASE CALL THE SOLICITATION AGENT AT (877) 752-5527.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON, THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DEBTORS' SOLICITATION DOCUMENTS, INCLUDING THE DISCLOSURE STATEMENT AND PLAN.**

C

ii

K&E 10649596.20

# EXHIBIT 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,**[1] | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Honorable Eugene R. Wedoff** |

## BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

### Class «ClassNumber» - «ClassName»

### CHICAGO MUNICIPAL BOND SERIES 2001B, 2001C, 1999A and 1999B

#### PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

#### PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN.

---

**UPON COMPLETION, THIS BALLOT SHOULD BE RETURNED TO YOUR NOMINEE. PURSUANT TO THE SOLICITATION PROCEDURES APPROVED BY THE BANKRUPTCY COURT, YOUR NOMINEE (ON YOUR BEHALF) WILL TRANSMIT YOUR VOTE TO THE DEBTORS' SOLICITATION AGENT, POORMAN-DOUGLAS CORPORATION (THE "SOLICITATION AGENT"), ON A MASTER BALLOT. THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE RECEIVED BY THE SOLICITATION AGENT BY 4:30 P.M., PREVAILING PACIFIC TIME, ON OR BEFORE DECEMBER 19, 2005 (THE "VOTING DEADLINE"). IF THE MASTER BALLOT CAST ON YOUR BEHALF IS NOT RECEIVED BY THE VOTING DEADLINE, THE DEBTORS SHALL REJECT SUCH BALLOT AS INVALID. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

---

[1] The Debtors are the following entities: Air Wisconsin, Inc., Air Wis Services, Inc., Ameniti Travel Clubs, Inc., BizJet Charter, Inc., BizJet Fractional, Inc., BizJet Services, Inc., Cybergold, Inc., Domicile Management Services, Inc., Four Star Leasing, Inc., itarget.com, inc., Kion Leasing, Inc., Mileage Plus, Inc., Mileage Plus Holdings, Inc., Mileage Plus Marketing, Inc., MyPoints.com, Inc., MyPoints Offline Services, Inc., Premier Meeting and Travel Services, Inc., UAL Benefits Management, Inc., UAL Company Services, Inc., UAL Corporation, UAL Loyalty Services, LLC, United Air Lines, Inc., United Aviation Fuels Corporation, United BizJet Holdings, Inc., United Cogen, Inc., United GHS, Inc., United Vacations, Inc., and United Worldwide Corporation.

D

**PLEASE ENSURE THAT YOUR NOMINEE RECEIVES YOUR BALLOT IN SUFFICIENT TIME TO TRANSMIT YOUR VOTE TO THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE.**

This Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan"), and electing certain treatments, as described below.  All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the *Order (A) Approving Disclosure Statement, and (B) Approving the Solicitation Procedures and Form of Solicitation Documents and Notices* (the "Solicitation Procedures Order"), the Disclosure Statement for the Plan and all exhibits thereto (the "Disclosure Statement") or the Plan, as the case may be.

This Ballot is being sent to you because records indicate that as of January 7, 2005, you were a beneficial owner (a "Beneficial Holder") of Series 2001B, 2001C, 1999A, and/or 1999B Chicago Municipal Bonds (the "Remaining Bonds"),[2] and, accordingly, you have a right to vote to accept or reject the Debtors' Plan. A settlement agreement (the "Chicago Municipal Bond Settlement Agreement") dated as of December 17, 2004, which resolved the Chicago Municipal Bond Adversary Proceeding, was executed between, among others, the Trustees for the Remaining Bonds and United Air Lines, Inc., one of the Debtors. The Chicago Municipal Bond Settlement Agreement provides for, among other things, the agreed upon treatment by the Debtors for all Beneficial Holders of the Remaining Bonds. The Bankruptcy Court approved the Chicago Municipal Bond Settlement Agreement pursuant to the *Order Authorizing Entry Into Settlement Agreement with U.S. Bank Trust National Association as Trustee, Suntrust Bank as Trustee, BNY Midwest Trust as Trustee, HSBC Bank USA as Trustee, and Designated Holders and Holders* (the "Chicago Municipal Bond Settlement Order"), entered by the Bankruptcy Court on February 15, 2005.  **Paragraph 11 of the Chicago Municipal Bond Settlement Order provides that only Beneficial Holders that owned the Remaining Bonds as of the January 7, 2005 Record Date (the "Record Date") are eligible to (a) vote to accept or reject the Plan, and (b) elect a particular treatment (which election must be made by the Beneficial Holder that owned the Remaining Bonds as of the Record Date) as set forth in Sections 3(a)(ii) and 3(c)(ii) of the Chicago Municipal Bond Settlement Agreement.**

Sections 2(b) and 7(a) of the Chicago Municipal Bond Settlement Agreement further provide that to the extent the Plan terms are consistent with the terms of the Chicago Municipal Bond Settlement Agreement, certain Beneficial Holders (Vanguard, Stark, and Nuveen, as defined in the Chicago Municipal Bond Settlement Agreement), are deemed to have agreed that, solely in their capacity as Beneficial Holders of the Chicago Municipal Bonds, they have forever waived their right to take any action that is inconsistent with the approval of the Plan by the Bankruptcy Court, and if they object to, vote against, or take any action that is inconsistent with the approval of the Plan by the Bankruptcy Court, then, in addition to the Debtors' rights under the Chicago Municipal Bond Settlement Agreement, at law or in equity, their distribution under the Plan shall be automatically reduced to one dollar ($1.00).

**The Chicago Municipal Bond Settlement Agreement and the Chicago Municipal Bond Settlement Order are contained in the Plan Supplement.  The Disclosure Statement, Plan, Solicitation Procedures Order, and certain other documents contained in the Plan Supplement are included on the CD-Rom you are receiving with this Ballot. These documents, along with the Plan Supplement, and all other Solicitation Documents are also available for viewing by accessing the Debtors' private website at http://www.pd-**

---

[2]    The Remaining Bonds, as described in the Chicago Municipal Bond Settlement Agreement (defined herein), are [_____].

ual.com or by contacting the Debtors' Solicitation Agent by writing to Poorman-Douglas Corporation, Attn: UAL Balloting, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by telephone at (877) 752-5527.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you believe you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone number above.

*You should carefully and thoroughly review the Disclosure Statement, Plan, Chicago Municipal Bond Settlement Agreement, and Chicago Municipal Bond Settlement Order before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in «ClassNumber» under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote. You should return all Ballots for each Class in which you are entitled to vote. All Persons receiving Ballots with respect to Class «ClassNumber» Claims should return completed Ballots in accordance with the instructions set forth therein.*

This Ballot is divided into two parts:

PART I        WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT

PART II       ITEMS ON THE BALLOT

|   | |
|---|---|
| Item 1. | Face amount of Remaining Bonds in Class «ClassNumber» under the Plan |
| Item 2. | Remaining Bonds Claim Vote |
| Item 3. | Releases |
| Item 4. | Remaining Bonds Treatment Election |
| Item 5. | Disclosures and Certifications |

K&E 10658890 22

**PART I      WHO SHOULD USE THIS BALLOT; HOW TO USE THIS BALLOT**

This Ballot is to be used by the Beneficial Holders of the Remaining Bonds in Class «ClassNumber» under the Plan. This Ballot may not be used for any purpose other than casting votes with respect to the Plan or if no vote is cast, opting out of or accepting the releases in Article X of the Plan, and electing treatment for Remaining Bonds pursuant to the Chicago Municipal Bond Settlement Agreement. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT AS DIRECTED BY YOUR NOMINEE. THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR NOMINEE MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BY 4:30 P.M., PREVAILING PACIFIC TIME, ON OR BEFORE DECEMBER 19, 2005.

MAKE SURE YOUR NOMINEE RECEIVES YOUR BALLOT IN SUFFICIENT TIME TO (i) SUBMIT YOUR VOTE TO THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE AND (ii) EFFECT YOUR TREATMENT ELECTION. YOUR VOTE WILL ONLY BE COUNTED IF IT IS TABULATED ON A MASTER BALLOT SUBMITTED BY YOUR NOMINEE.

IF YOU SELECT OPTION B IN ITEM 4 BELOW, PLEASE BE ADVISED THAT YOU ARE AUTHORIZING YOUR NOMINEE TO TAKE CERTAIN ACTIONS TO EFFECTUATE YOUR ELECTION INCLUDING (i) TENDERING THE UNDERLYING BONDS INTO THE ACCOUNT AT THE DEPOSITORY TRUST COMPANY ESTABLISHED FOR THAT PURPOSE AND (ii) WIRING THE REQUISITE AMOUNT OF $26 PER $1,000 PRINCIPAL AMOUNT OF REMAINING BONDS ELECTING OPTION B TO THE DEBTORS AT THE ACCOUNT SET FORTH ON THE MASTER BALLOT. IF YOU HAVE ANY QUESTIONS ABOUT THESE PROCEDURES, PLEASE CONTACT YOUR NOMINEE.

**PART II      ITEMS ON THE BALLOT**

Pursuant to Paragraph 11 of the Chicago Municipal Bond Settlement Order, January 7, 2005 is the Record Date for establishing the list of Beneficial Holders eligible to vote to accept or reject the Plan. By signing below, you are certifying that either you were the Beneficial Holder as of the Record Date, January 7, 2005, of the Remaining Bonds in the face amount set forth below or you are an authorized signatory for someone who, on the Record Date, was a Beneficial Holder of such Remaining Bonds in such face amount as set forth below.

Beneficial Holders may not split their votes on the Plan with respect to their Remaining Bonds. If you are submitting a vote with respect to any Remaining Bonds that you beneficially own, you must vote all of your Remaining Bonds in the same way (i.e., either all "accept" or all "reject"). You may, however, split your treatment election, pursuant to the Chicago Municipal Bond Settlement Agreement (e.g., you may allocate a portion of your Remaining Bonds to Option A, and the balance to Option B).

An authorized signatory of an eligible Beneficial Holder may execute this Ballot, but must provide the name and address of the Beneficial Holder on this Ballot and may be required to submit evidence demonstrating such signatory's authorization to vote on behalf of the Beneficial Holder. Authorized signatories voting on behalf of more than one Beneficial Holder <u>must</u> complete a separate Ballot for each Beneficial Holder.

If you own your Remaining Bonds through more than one bank, broker, or other intermediary (each, a "Nominee"), or through multiple accounts, you may receive multiple mailings containing Ballots. You should vote each Ballot you receive for all the Remaining Bonds that you beneficially own.

D

4

K&E 10658890.22

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1. Face amount of Remaining Bonds in Class «ClassNumber» under the Plan.**

I hereby certify that I am the Beneficial Holder (or authorized signatory for a Beneficial Holder) of $_____ (insert face amount) of the Remaining Bonds as of the Record Date.

**Item 2. Remaining Bonds Claim Vote.**

PURSUANT TO SECTIONS 2(b) AND 7(a) OF THE CHICAGO MUNICIPAL BOND SETTLEMENT AGREEMENT, TO THE EXTENT THE PLAN TERMS ARE CONSISTENT WITH THE TERMS OF THE CHICAGO MUNICIPAL BOND SETTLEMENT AGREEMENT, CERTAIN BENEFICIAL HOLDERS (VANGUARD, STARK, AND NUVEEN, AS DEFINED IN THE CHICAGO MUNICIPAL BOND SETTLEMENT AGREEMENT), ARE DEEMED TO HAVE AGREED THAT, SOLELY IN THEIR CAPACITY AS BENEFICIAL HOLDERS OF THE CHICAGO MUNICIPAL BONDS, THEY HAVE FOREVER WAIVED THEIR RIGHT TO TAKE ANY ACTION THAT IS INCONSISTENT WITH THE APPROVAL OF THE PLAN BY THE BANKRUPTCY COURT AND IF THEY OBJECT TO, VOTE AGAINST, OR TAKE ANY ACTION THAT IS INCONSISTENT WITH THE APPROVAL OF THE PLAN BY THE BANKRUPTCY COURT, THEN, IN ADDITION TO THE DEBTORS' RIGHTS UNDER THE CHICAGO MUNICIPAL BOND SETTLEMENT AGREEMENT, AT LAW OR IN EQUITY, THEIR DISTRIBUTION UNDER THE PLAN SHALL BE AUTOMATICALLY REDUCED TO ONE DOLLAR ($1.00).  A COPY OF THIS BALLOT WILL NEED TO BE ATTACHED TO THE MASTER BALLOT.

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

| The Beneficial Holder of the Remaining Bonds set forth in Item 1 votes to (please check one): | |
|---|---|
| ACCEPT THE PLAN<br>CHECK HERE<br>❏ | REJECT THE PLAN<br>CHECK HERE<br>❏ |

**A VOTE TO ACCEPT THE PLAN IS ALSO A VOTE TO ACCEPT THE RELEASE PROVISIONS IN ARTICLE X OF THE PLAN.**

D

5