1

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3

 4    In re:                          )
                                      )
 5    UAL CORPORATION,                )
                                      ) No. 02B48191
 6                                    )
                                      )
 7                                    ) Chicago, Illinois
                                      ) March 19, 2014
 8                  Debtors.          ) 10:00 a.m.

 9

10          TRANSCRIPT OF PROCEEDINGS BEFORE THE
                HONORABLE EUGENE R. WEDOFF
11

12

13    APPEARANCES:

14

      MR. MIKE SLADE,
15    on behalf of the Reorganized Debtors;

16    MR. FORREST LAMMIMAN,
      on behalf of the Movant;
17
      MS. LINDSAY MARKLEY,
18    on behalf of Plaintiffs, John Does 1 through 5.

19

20

21

22

23

24

25
```

1            THE CLERK:  UAL Corporation.
2            MR. SLADE:  Good morning, Your Honor.
3    Mike Slade for the reorganized debtors.
4            MR. LAMMIMAN:  Good morning, Your Honor.
5    Forrest Lammiman on behalf of the movant.
6            THE COURT:  I have a question.  Do you
7    believe that there is a difference in the effect of
8    a discharge under section 1141, as opposed to the
9    discharge that would take place in a Chapter 7 case
10   under section 524?
11           MR. SLADE:  Do I think there is a
12   difference?
13           THE COURT:  A discharge is a discharge,
14   right?
15           MR. SLADE:  I don't disagree with what
16   Your Honor said --
17           THE COURT:  Okay.
18           MR. SLADE:  -- on that point.
19           THE COURT:  In In re Shondel, 950 F.2d
20   1301, 1307, a 1991 decision of the Seventh Circuit,
21   the court rules, and I'm quoting, "a discharge
22   injunction under section 524 does not preclude the
23   determination of a debtor's liability for the
24   purpose of recovery from an insurer."
25                  If the discharge doesn't stop them

1   from going against an insurer, A, it's not necessary
2   to reopen the case, go against the insurance.  What
3   the Shondel decision points out is that it's not a
4   violation of the discharge just to name the
5   defendant as the nominal party.  The discharge
6   precludes attempting to collect an obligation from
7   the debtor.
8              So I think it may very well be that
9   the insurance company has defenses of the sort that
10  you have outlined in your brief that this is way
11  beyond any time limits set by the policy for
12  asserting a claim under the policy, maybe other
13  reasons as well, but in terms of whether there is
14  any reason to reopen the case, unless I'm misreading
15  Shondel, there is no reason to reopen the case.  And
16  if the plaintiffs want to bring an action against
17  the insurance company naming United as a nominal
18  party, they're free to do it.
19             MR. SLADE:  So I think if what you're
20  saying is that there is no reason for them to reopen
21  the case --
22             THE COURT:  I would deny the motion as
23  unnecessary.
24             MR. SLADE:  I actually think that what
25  they have done procedurally, however, in terms of

4

1   coming to Your Honor seeking to reopen the case is
2   right not necessarily because of the discharge
3   injunction but because of the bar date order and
4   that they would have to get relief from that in
5   order to proceed in the state court.
6            THE COURT:  They are pursuing the
7   insurance company.  Now in Shondel, any Chapter 7
8   case, I would expect if there were any assets at all
9   the bar date for filing claims was long past so that
10  was not an issue.  I just don't see why they can't
11  proceed against the insurance company as in the
12  Shondel decision.  Again, this could not be clearer.
13  A discharge doesn't preclude the determination of
14  the debtors' liability for the purpose of recovering
15  from an insurer.
16           MR. SLADE:  Right.  I agree with that,
17  Your Honor, but there is an order in place that
18  specifically says that claims are barred that Your
19  Honor entered in 2002 or 2003.  So that's why, I
20  mean from my perspective I agree with Your Honor
21  that this type of discharge injunction would stop
22  them from proceeding against the insurance carrier.
23  But there are orders of the court that they would
24  need to deal with and that we would be raising as
25  defenses in the state court case.  For example, if

1 they were going to just not come to this court, if
2 they would have straight filed a lawsuit in the
3 Circuit Court of Cook County, we would have raised
4 discharge as a defense. We also would have
5 raised --
6          THE COURT: Well, you would have been
7 improper in doing that from the Shondel decision.
8          MR. SLADE: I should restate that. We
9 would have raised the existence of a bar date and
10 that there is a bankruptcy court order that says if
11 they don't file a claim prior to a bar date, they
12 are barred. They can't sue us. I mean, there is a
13 decision that they cited in their reply brief, a
14 Seventh Circuit decision called the Fernstrom Van
15 case.
16          THE COURT: Fernstrom I don't think is
17 really on all fours here.
18          MR. SLADE: I agree. That is an
19 automatic stay. I just didn't want -- I'm not
20 disagreeing with what Your Honor is saying that a
21 discharge injunction doesn't prohibit them from
22 pursuing the carriers. But I just didn't want to --
23 if they do sue us in state court, I just want to be
24 clear --
25          THE COURT: This is a very strange

1   argument.  Let's suppose that there is a no asset
2   Chapter 7 case.  Because there are no assets, there
3   is no deadline for filing a claim.  There is a
4   discharge.  Shondel says that the discharge does not
5   preclude pursuing the debtor, in a nominal sense, to
6   get a judgment against the insurance carrier.
7                So your argument would be in the no
8   asset Chapter 7 situation, the debtor could be
9   subject to this nominal action any time.  The
10  insurance company obviously would have the right to
11  defend on timeliness grounds or whatever other
12  grounds it had on the merits.  But the bankruptcy
13  would not preclude the action from going forward
14  with the defendant in the bankruptcy as a nominal
15  defendant in the case against the insurance company
16  and the insurance company required to defend on the
17  merits.
18               So what you're suggesting to me is
19  that because there were assets here, there was a bar
20  date established by the court which, of course, is
21  established in every Chapter 11 case, it's the only
22  way you get a deadline for filing claims, that the
23  effect of a discharge injunction is nevertheless
24  there because once the deadline has passed for
25  filing claims, no one can file a nominal claim

7

1  against the debtor to go after an insurance company.
2  I think that undercuts Shondel almost completely.
3              MR. SLADE:  I think what I would say is
4  it would depend in the Chapter 7 case on what
5  orders, if any, were entered in the Chapter 7 case.
6              THE COURT:  In Chapter 7 there is an
7  automatic statutory deadline for filing.  If you
8  file a claim late in a Chapter 7 case, your claims
9  are given a lower priority.  And if they're too late
10  after there has been a distribution of the estate,
11  they're disallowed entirely.  But that's not what
12  Shondel is dealing with.  Shondel is dealing with
13  not a question of filing claims in the bankruptcy,
14  it's filing a complaint against the insurance
15  company.  If anything stopped that it would be the
16  discharge injunction, and Shondel says it doesn't
17  stop it.  This is not filing a proof of claim in the
18  bankruptcy case.  It's not attempting to get any
19  recovery against the debtor.  So I think if I'm
20  going to be true to the rationale of the Shondel
21  decision I have to, as I just said to you, deny this
22  motion as unnecessary.
23                  The plaintiffs in this prospective
24  action against an insurance company may file that
25  naming United as a nominal party and seek recovery

8

1   only against the insurance company.  Again, what you
2   put in your reply brief, or your responsive brief I
3   should say, about the passage of time in which these
4   events occurring may very well give the insurance
5   company ample grounds for a defense against any
6   claim brought against the insurance company, but I
7   don't think the bankruptcy prevents the action from
8   being brought.
9               Now if you want to give me some new
10  authority for the proposition that although the
11  discharge injunction is not effective that I ought
12  to take into consideration the bar order, I'll look
13  at that question in the context of a Rule 59 or a
14  Rule 60 motion.  I would suggest Rule 59 or
15  Bankruptcy Rule 9023.  But for right now, I'm going
16  to deny the motion as unnecessary on the grounds
17  that I've just stated.
18            MR. SLADE:  I just want to make sure that
19  I totally understand.  Your Honor doesn't believe
20  that they need to reopen the bankruptcy case.
21            THE COURT:  Correct, and they don't need
22  any order from the bankruptcy court.
23            MR. SLADE:  But my client and the
24  insurance company retain their defenses.
25            THE COURT:  Absolutely, absolutely.  I

1  mean, this is basically the Shondel situation.  They
2  want to bring a post-petition action against an
3  insurance company naming the debtor as a nominal
4  defendant.  Shondel says they can do it.  I don't
5  think that requires an order.
6          MR. LAMMIMAN:  Your Honor, thank you.
7  Ms. Markley probably should make an appearance here
8  on the record.
9          MS. MARKLEY:  Good morning, Your Honor.
10 Lindsay Markley on behalf of the plaintiffs, John
11 Does 1 through 5.
12                   (Which were all the proceedings
                     had in the above-entitled cause,
13                   March 19, 2014.)

14

15 I, BARBARA A. CASEY, DO HEREBY CERTIFY THAT THE
   FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
16 PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.